

16 COURT STREET
SUITE 1012
BROOKLYN, NY 11241
TEL: (202) 789-3960
FAX: (202) 789-1813
contact@cuneolaw.com
www.cuneolaw.com

April 22, 2016

**VIA CM/ECF**

Honorable Valerie E. Caproni
United States District Judge
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
40 Foley Square, Room 240
New York, NY 10007
Phone: (212) 805-6350
CaproniNYSDChambers@nysd.uscourts.gov

   Re: Joint Letter Submitted in Conjunction with Case Management Plan and Scheduling Order
     *Michelle Marino v. Coach, Inc*, No. 16-CV-1122 (VEC) (S.D.N.Y.)

Dear Honorable Judge Caproni,

  My firm and my co-counsel represent Michelle Marino, plaintiff in the above-referenced class action ("Plaintiff"). On behalf of Plaintiff and defendant Coach, Inc. ("Defendant" or "Coach") (collectively, the "Parties"), we respectfully submit this joint letter in accordance with the Court's Order of March 30, 2016 (ECF No. 10) and Your Honor's Individual Rule 2(A). The initial pretrial conference is scheduled for 10:00 a.m. on April 29, 2016.

  Defendant is a corporation organized under the laws of Maryland and its principal place of business is in New York.

  **1. Brief Description of the Case**

  **Plaintiff's Position**

  On February 12, 2016, Plaintiff filed a Class Action Complaint on behalf of herself and a class of New Hampshire consumers ("New Hampshire Class"), and a nationwide class of consumers ("Nationwide Class") (collectively the "Classes"), alleging Defendant violated New Hampshire's Consumer Protection Act, N.H. Rev. Stat. Ann. § 358-A:1, *et seq*. ("CPA"), as well as alleging Negligent Misrepresentation, Fraud, and Unjust Enrichment under New York common law. Specifically, Plaintiff alleges Defendant sold goods exclusively at its factory outlet stores, but listed Manufacturer's Suggested Retail Prices ("MFSRP") which was juxtaposed with lower prices at which the items were being sold. Notwithstanding, the goods were never sold, never suggested to be sold, or even intended to be sold at the higher MFSRP. Plaintiff alleges consumers were misled to believe they were receiving a discounted price when they were not.

  Plaintiff asserts the legal issues involved in this case include: whether Defendant's MFSRP misled reasonable consumers in violation of the CPA, *see Beer v. Bennett*, 160 N.H. 166, 170 (N.H. 2010) ("even if the individual representation could be read as literally true, the advertisement could still violate the CPA if it created

an overall misleading impression"); whether Defendant's misrepresentations and omissions were material to reasonable consumers; whether Defendant's labeling, marketing, and sale of the Products constitutes an unfair, unlawful, or fraudulent business practice; whether the Court should enjoin Defendant's conduct at issue; whether Plaintiffs can certify the Classes under Rule 23; whether the Classes can assert the claims set forth in the Complaint; and whether Plaintiff and her counsel will fairly and adequately represent the Classes.

**Coach's Position**

This lawsuit is substantially similar to dozens of other putative class actions brought against retailers around the county, several of which have been the subject of dismissal decisions. Plaintiff's complaint fails to include *any* allegations to support its inaccurate accusations. For example, Plaintiff's claims rest on the assumption that Coach's MFSRPs are false or intentionally inflated, but the complaint fails to include *any* support for that bold assertion other than conclusory allegations that are made only on information and belief. Such conclusory allegations are woefully insufficient to satisfy general pleading standards, but are *a fortiori* deficient here because Plaintiff must meet the heightened particularity requirements of Federal Rule of Civil Procedure 9(b). Even if the complaint did include sufficient allegations (it does not), Coach will, in any event, demonstrate that these allegations are false -- its listed MFSRPs are based on the quality of the material and craftsmanship, among other things, and are not remotely deceptive.

Plaintiff also fails to allege *any* legally cognizable injury, fatally destroying both the validity of the complaint and Plaintiff's standing to bring her claims. In sum, the complaint lacks *any* allegations that the merchandise Plaintiff purchased was worth less than *the price she actually paid*. In fact, Plaintiff does not even allege, let alone with the requisite particularity, how much the item in question was actually worth. In reality, Plaintiff received exactly what she paid for, and numerous courts have dismissed similar class-action lawsuits for precisely this reason. *See, e.g.*, *Shaulis v. Nordstrom Inc.*, 120 F. Supp. 3d 40 (D. Mass. 2015) (dismissing the complaint because "the fact that plaintiff may have been manipulated into purchasing the sweater because she believed she was getting a bargain does not necessarily mean she suffered economic harm: she arguably got exactly what she paid for, no more and no less"); *Mulder v. Kohl's Department Stores, Inc.*, 2016 WL 393215 (D. Mass. Feb. 1, 2016) (dismissing the complaint because "plaintiff has not suffered an economic injury; among other things, she has suffered no loss, and there is no sum of money that could be awarded to her that could 'compensate' her without providing a windfall").

For the foregoing reasons, among others, it is Coach's position that Plaintiff's complaint fails to state a claim and that Plaintiff, in any event, lacks standing to bring her claims, and the complaint should therefore be dismissed.

2. **Contemplated Motions**

**Plaintiff's Position**

Plaintiff will file a Motion for Class Certification. There may be *Daubert* motions filed.

**Coach's Position**

Coach intends to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim, and Rule 12(b)(1), for lack of standing, based on its position outlined above. In the

unlikely event that the complaint survives Coach's motion to dismiss, Coach intends to move for summary judgment pursuant to Rule 56 should such a motion become appropriate during or after discovery.

### 3. Prospect of Settlement

The parties have not engaged in settlement discussions. Pursuant to Local Rule 83.9, Plaintiffs are willing to discuss settlement at any point in the litigation and believe these negotiations would be aided by a judicial settlement conference. It is Coach's position that settlement discussions would not be conducive to a resolution at this early stage of the proceedings and given its position set forth above.

The Parties look forward to meeting with the Court on April 29, 2016.

Respectfully submitted,

/s/ Benjamin Elga


CUNEO GILBERT & LADUCA, LLP
Charles J. LaDuca, Esquire
charles@cuneolaw.com
Benjamin Elga
belga@cuneolaw.com
16 Court Street, Suite 1012
Brooklyn, NY 11241
Telephone: (202) 789-3960
Facsimile: (202) 789-1813

HALUNEN LAW
Melissa W. Wolchansky
wolchansky@halunenlaw.com
Charles D. Moore
moore@halunenlaw.com
1650 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099

TYCKO & ZAVAREEI LLP
Jeffrey D. Kaliel
jkaliel@tzlegal.com
2000 L. Street, N.W., Suite 808
Washington, D.C. 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950

Letter to Honorable Valerie E. Caproni
April 22, 2016
Page 4 of 4

                                                      KOPELOWITZ OSTROW FERGUSON
                                                      WEISELBERG GILBERT
                                                      Jeffrey M. Ostrow
                                                      ostrow@kolawyers.com
                                                      Scott Edelsberg
                                                      edelsberg@kolawyers.com
                                                      One West Las Olas Boulevard., Suite 500
                                                      Fort Lauderdale, FL 33301
                                                      Telephone: (954) 525-4100
                                                      Facsimile: (954) 449-4602

                                                      MIRABELLA LAW, LLC
                                                      Erica Mirabella
                                                      erica@mirabellallc.com
                                                      132 Boylston Street, 5th Floor
                                                      Boston, MA 02116
                                                      Telephone: (855) 505-5342

Cc:     All counsel of record