```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

MICHELLE MARINO,

                Plaintiff,

        v.                           16 Cv. 1122 (VEC)

COACH, INC.,

                Defendant.
------------------------------x
```

April 29, 2016
10:00 a.m.

Before:

HON. VALERIE E. CAPRONI

District Judge

APPEARANCES

CUNEO GILBERT & LADUCA LLP
    Attorneys for Plaintiff
BY: BENJAMIN D. ELGA

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
    Attorneys for Defendant
BY: AARON H. MARKS
    CYNTHIA M. JORDANO

1    (Case called)
2    THE DEPUTY CLERK:  You are?
3    MR. ELGA:  Ben Elga representing the plaintiff.
4    MR. MARKS:  Aaron Marks for the defendant.
5    MS. JORDANO:  Cynthia Jordano for the defendant.
6    THE COURT:  This is a class action for a violation of
7  the New Hampshire Consumer Protection Act, right?
8    MR. ELGA:  As well as common law.
9    THE COURT:  So what is the jurisdictional reach of the
10 New Hampshire law?
11   MR. ELGA:  Well, the choice of law for this venue is
12 going to be the New Hampshire statute because it was purchased
13 there.
14   THE COURT:  It was bought in New Hampshire?
15   MR. ELGA:  That's correct.
16   THE COURT:  So you're going to want a class of people
17 who bought things in New Hampshire.
18   MR. ELGA:  Right.  There is going to be a New
19 Hampshire subclass and a national class for common law claims.
20   THE COURT:  And you think he has got no damage.
21   MR. MARKS:  Among other problems, yes.
22   THE COURT:  You don't think you're damaged when you
23 think you're getting a bargain and in fact you're not?
24   MR. MARKS:  You have to prove that you have bought
25 something and it doesn't have the value that you paid for it.

| | |
|---|---|
| 1 | THE COURT:  You thought you were getting a $75 bag for |
| 2 | 25; and, in fact, you're getting a $25 bag for 25. |
| 3 | MR. MARKS:  There is no damage there. |
| 4 | THE COURT:  Anybody out there think you're damaged? |
| 5 | You don't want to go to a jury on that, not if you |
| 6 | have any women who have bought bags on the jury. |
| 7 | So you're going to move pursuant to 12(b)(6), is that |
| 8 | right? |
| 9 | MR. MARKS:  Correct.  As well as 9(b). |
| 10 | THE COURT:  So your choice is to either respond or |
| 11 | amend, but you can't do both.  I am sure you would know that, |
| 12 | but I like to warn people because sometimes I get both. |
| 13 | If he amends, you need to tell me whether you're going |
| 14 | to stand on your papers or redo them.  You need to tell me |
| 15 | within one week, if he files an amended complaint, whether you |
| 16 | are going to stand on your papers. |
| 17 | What are the parties' views on whether we should |
| 18 | proceed with discovery while we brief the 12(b)(6) and 9(b) |
| 19 | motion? |
| 20 | MR. MARKS:  Our position is that discovery should be |
| 21 | stayed pending the motion to dismiss. |
| 22 | MR. ELGA:  Our position is it's a classic fraud and we |
| 23 | have clearly made out the allegations.  It will facilitate |
| 24 | settlement to begin discovery immediately. |
| 25 | THE COURT:  That doesn't go a long way.  Essentially, |

1  you're saying you are going to extort him by putting him to
2  lots of costs.
3            Has this claim survived in any other court?
4            MR. ELGA: Very similar claims have survived in other
5  courts. I am not 100 percent certain that the manufacturer's
6  suggested retail price specific breed of this slash-through
7  pricing fraud has yet been tested, because it's a relatively
8  new attempt by manufacturers to get around the FTC guidelines
9  which covers slash-through pricing clearly and explicitly, and
10 I believe this is a breed of that that is relatively new.
11           THE COURT: I am inclined to stay discovery. Let's
12 see if you can get past 12(b)(6). If you can, then you can
13 discover to your heart's content.
14           Is there an amended complaint?
15           Oh, no. I'm sorry. This was my note that you want
16 many, many, many days to present an amended complaint. So my
17 view is 30 days is enough. If down the road you discover
18 reasons that you want to amend your complaint, then you can
19 move and we will deal with it that way. But to give you 120
20 days to decide whether to amend the complaint doesn't seem
21 right. So that will be 30 days.
22           MR. ELGA: As you may be aware, there are several
23 other overlapping actions.
24           THE COURT: What can you tell me about this California
25 one that seems to be traveling this way?

1       MR. ELGA:  I can tell you plaintiff's counsel are
2  conferring and that we would request that you stay the entry of
3  a case management order until we have had a chance to either
4  adjudicate or respond to the transfer motion.
5       THE COURT:  Do you have any objection to that?
6       MR. MARKS:  Staying the case management order?
7       THE COURT:  Just not entering a case management order
8  until --
9       MR. MARKS:  I think that makes sense.
10      THE COURT:  I'm happy to do that.  So I won't enter a
11 case management order.  I will enter a stay of discovery.
12      You're moving to dismiss.  Let's set a motion schedule
13 on that.
14      MR. MARKS:  Next Friday will be fine.
15      THE COURT:  How long do you want to respond?
16      MR. ELGA:  21 days.
17      THE COURT:  That's fine.  I will give you more if you
18 want it.
19      MR. ELGA:  Then, I guess, 45.
20      THE COURT:  How about a month?
21      MR. ELGA:  That sounds good.  Thank you.
22      THE COURT:  Your response will be due June 3.
23      How long do you want to reply?
24      MR. MARKS:  Can I have 20 days?
25      THE COURT:  I will give you till the 24th.

1           So we will stay discovery.  I won't enter a case
2   management plan.
3           That seems to be everything I have got to do.
4           Anything further from you?
5           MR. ELGA:  No.
6           MR. MARKS:  No, your Honor.
7           We will get back together if and when there is a case
8   management plan?  Very good.
9           THE COURT:  Thank you both.
10          MR. MARKS:  Initial disclosures?
11          THE COURT:  You don't need to make initial
12  disclosures.  Let's just brief the motion to dismiss and see if
13  the case is going forward.
14          Have a nice weekend everybody.
15          (Adjourned)
16
17
18
19
20
21
22
23
24
25