```
                                                           USDC SDNY
                                                           DOCUMENT
                                                           ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                               DOC #:_____
SOUTHERN DISTRICT OF NEW YORK                              DATE FILED: 05/29/2020
-------------------------------------------------------------X
MICHELLE MARINO, individually and on behalf of all         :
others similarly situated,                                 :
                                                           :
                                Plaintiff,                 :
                                                           :         16-CV-1122 (VEC)
                -against-                                  :
                                                           :
COACH, INC.,                                               :
                                                           :
                                Defendant.                 :
-------------------------------------------------------------X
MONICA RAEL, on behalf of herself and all others           :
similarly situated,                                        :
                                                           :
                                Plaintiff,                 :
                                                           :         16-CV-3773 (VEC)
                -against-                                  :
                                                           :
COACH, INC.,                                               :
                                                           :
                                Defendant.                 :
-------------------------------------------------------------X
DEBORAH ESPARZA, individually and on behalf of all         :
others similarly situated,                                 :
                                                           :
                                Plaintiff,                 :
                                                           :         16-CV-3677 (VEC)
                -against-                                  :
                                                           :
COACH, INC.,                                               :
                                                           :
                                Defendant.                 :
-------------------------------------------------------------X
CERA HINKEY, on behalf of herself and all others           :
situated,                                                  :
                                                           :
                                Plaintiff,                 :
                -against-                                  :         16-CV-5320 (VEC)
                                                           :
COACH, INC.,                                               :
                                                           :
                                Defendant.                 :
-------------------------------------------------------------X
```

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS Plaintiffs have filed an unopposed motion for preliminary approval of the parties' class action settlement, preliminary certification of a settlement class, and approval of their proposed notice plan, Dkt. 122; and

WHEREAS the Court needs clarification or additional information before it can rule on Plaintiffs' motion;

IT IS HEREBY ORDERED THAT, no later than **June 19, 2020**, the parties must file a joint letter addressing the following issues:

1. **Potential discrepancy in class definitions.**  The proposed class definition contained within the parties' settlement agreement, memorandum of law, and proposed approval order appears to differ from the definition in the proposed notice.  According to the settlement agreement [Dkt. 122-3 at 13], memorandum in support of the motion [Dkt. 122-1 at 4–5], the proposed order [Dkt. 122-11 at 4], the Settlement Class is defined, with exclusions not pertinent to this Order, to "include all persons identified in COACH's CRM database who, during the Class Period, purchased one or more items from COACH's Coach-branded outlet stores in the United States offered at a discount from a 'MFSRP' and which contained an MRSRP price on the tag."  On the other hand, the proposed Long-Form Notice [Dkt. 122-3 at 66] states in response to the question, "How do I know if I am in the Settlement?": "The Settlement Class includes all persons who, from December 23, 2011 to [date of preliminary approval], purchased one or more items for personal or household use and not for resale from COACH's Coach-branded outlet stores in the United States offered at a discount from a 'MFSRP' and which contained an MFSRP on the price tag."   The submissions do not appear to include the criteria for being included in "COACH's CRM database," and so the Court cannot determine whether that limitation in the class definition is inconsistent with the description of the Settlement Class proposed to be given to putative class members.  Accordingly, Plaintiffs are ordered to clarify their proposed class definition, including whether the CRM database also includes persons who did not shop at Coach outlet stores, and whether there are persons who purchased one or more qualifying items but who do not appear in the CRM database.

2. **The reliability and availability of CRM data.**  According to the Declaration of Steven Weisbrot [Dkt. 122-9 ¶ 9] ("Weisbrot Decl."), "Defendant maintains millions of email addresses for actual known Settlement Class Members."  Weisbrot further represents that Defendant's records contain email addresses for approximately 18.5 million members of the proposed Settlement Class and non-email contact information for another 4.5 million. *Id*. ¶ 13.  Bradley Breuer, an employee of Tapestry (formerly known as Coach), asserts

that "the vast majority of the email addresses" that are being provided for notice purposes "were provided to [Coach] by known members of the potential Settlement Class, in accordance with each state's applicable laws." [Dkt. 122-10 ¶ 3]. The Court presumes that Messrs. Weisbrot and Breuer are referring to entries in the CRM database, although that is by no means entirely clear. Assuming that is correct, Plaintiffs are ordered to provide greater specificity about the CRM data. At a minimum, the parties must explain (a) the percentage of entries in the CRM data that have neither an associated email address nor a mailing address (*i.e.*, just a name or just a name and a telephone number); (b) for email addresses that were not directly provided by members of the potential Settlement Class, whether there are any indications that the email addresses are accurate and up-to-date.

3. **The likelihood of reliably identifying missing email addresses.** The Weisbrot Declaration describes a two-step reverse-lookup process by which Angeion will obtain email addresses for individuals whose other information is available. *See* Weisbrot Decl. ¶¶ 14–15. For those 4.5 million individuals, Plaintiffs are ordered to explain in greater detail the likelihood that a correct and current email address would be found through the reverse-lookups.

4. **Read receipts for emailed notices.** Plaintiffs are ordered to disclose Angeion's ability to ascertain whether email recipients have opened or viewed the notices that it sends. If Angeion has that capability, Plaintiffs must explain why such data should not be provided as part of its final report in advance of the Fairness Hearing.

5. **Clarifying the internet banner notice plan**. Paragraphs 21 and 22 of the Weisbrot Declaration are cryptic and filled with jargon. Plaintiffs are ordered to provide greater detail regarding the plan to notify class members through the "internet banner notice" portion of the Notice Program, including the rationale for the proposed number of "impressions," and the possible changes that could be made to improve ad success over time.

6. **Notice by publication**. Plaintiffs are ordered to disclose the identities of the "two different newspapers" in which the notice would be published. *Id.* ¶ 23. They must also explain why publication on a single day in only two newspapers is reasonable.

7. **Compliance with California law.** The Plaintiffs propose to run ads in "a California regional publication" that meets the requirement of California law. *Id.* ¶ 24. Plaintiffs are ordered to disclose the identity of the publication it intends to use.

**SO ORDERED.**

Date: May 29, 2020  
New York, NY

**VALERIE CAPRONI**  
**United States District Judge**