*Marino et al. v. Coach, Inc.*, Case No. 1:16-01122-VEC (OTW) (Lead) (S.D.N.Y.)

# EXHIBIT 1

**To Declaration of Charles D. Moore In Support of
Plaintiffs' Amended Unopposed Motion for Preliminary Approval of Class Action
Settlement, Preliminary Certification of Settlement Class, and Approval of Notice
Plan**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHELLE MARINO, DEBORAH ESPARZA, MONICA RAEL, and CERA HINKEY, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>COACH, INC.,<br><br>        Defendant. | CASE NO.:<br>1:16-cv-01122-VEC (OTW) (Lead)<br><br>Consolidated Member Case Nos.:<br>1:16-cv-03773-VEC (OTW)<br>1:16-cv-03677-VEC (OTW)<br>1:16-cv-05320-VEC (OTW) |

## TABLE OF CONTENTS

Page

SETTLEMENT AGREEMENT ........................................................................................ 1

I.      RECITALS ........................................................................................................ 1

II.     DEFINITIONS.................................................................................................... 5

III.    CERTIFICATION OF THE SETTLEMENT CLASS AND PRELIMINARY
        APPROVAL ..................................................................................................... 12

IV.     SETTLEMENT CONSIDERATION AND BENEFITS ................................. 13

        4.1     Settlement Fund ..................................................................................13

        4.2     Eligibility and Process for Obtaining a Cash or Voucher Payment.....................15

        4.3     Form of Distribution to Settlement Class Members ................................20

        4.4     Election By Settlement Class Members of Form of Distribution .........................21

        4.5     Excess or Insufficient Funds in the Settlement Fund............................22

        4.6     Injunctive Relief.................................................................................24

        4.7     Confirmatory Discovery ....................................................................24

V.      NOTICE TO CLASS AND ADMINISTRATION OF PROPOSED
        SETTLEMENT.................................................................................................. 24

        5.1     Duties and Responsibilities of the Settlement Administrator ...............................24

VI.     OBJECTIONS AND REQUESTS FOR EXCLUSION ................................. 31

VII.    RELEASES AND COVENANT NOT TO SUE ............................................. 35

VIII.   ATTORNEYS' FEES AND EXPENSES AND  CLASS REPRESENTATIVE
        INCENTIVE AWARD ..................................................................................... 36

IX.     NO ADMISSION OF LIABILITY................................................................... 38

X.      ADDITIONAL PROVISIONS ........................................................................ 40

## SETTLEMENT AGREEMENT

This Settlement Agreement, dated July 21, 2020 (the "Agreement"), is submitted to the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.  Subject to the Court's approval, this Agreement is entered into by and between Plaintiffs Marino, Esparza, Rael and Hinkey ("Plaintiffs"), on behalf of themselves and each member of the Settlement Class, and Defendant Tapestry, Inc., f/k/a Coach, Inc. (as further defined below in Section 2.3, COACH, and collectively with Plaintiffs, the "Parties").  The Parties intend for this Agreement to fully, finally, and forever resolve, discharge, and settle all released rights and claims, subject to the terms and conditions set forth herein.[1]

## I.   RECITALS

1.1     On December 23, 2015, Plaintiff Esparza, on behalf of herself and all others similarly situated, filed a class action complaint against COACH in the United States District Court for the Central District of California.  On May 16, 2016, the action was transferred to the United States District Court for the Southern District of New York.

1.2     On February 10, 2016, Plaintiff Rael, on behalf of herself and all others similarly situated, filed a class action complaint against COACH in the United States District Court for the Southern District of California.  On May 16, 2016, the action was transferred to the United States District Court for the Southern District of New York.

1.3     On February 12, 2016, Plaintiff Marino, on behalf of herself and all others similarly situated, filed a class action complaint against COACH in the United States District Court for the Southern District of New York.

---

[1] Capitalized terms that are not defined in Section I are defined in Section II.

1.4     On April 13, 2016, Plaintiff Hinkey, on behalf of herself and all others similarly situated, filed a class action complaint against COACH in the Superior Court of California, County of Sacramento.  On June 16, 2016, the action was removed to the United States District Court for the Eastern District of California, and was transferred to the United States District Court for the Southern District of New York on June 23, 2016.

1.5     On August 8, 2016, the Court ordered that the Marino, Esparza, Rael and Hinkey actions be consolidated for all purposes, and ordered Plaintiffs to file a consolidated amended complaint.  (ECF No. 34.)  On October 7, 2016, Plaintiffs, on behalf of themselves and all others similarly situated, filed a consolidated class action complaint (the "Complaint") against Coach, Inc. in the United States District Court for the Southern District of New York.  (ECF No. 35.)

1.6     COACH filed a motion to dismiss the Action on November 22, 2016.  (ECF No. 40.)

1.7     On August 28, 2017, the Court granted COACH's motion to dismiss Plaintiffs' claim for injunctive relief with prejudice.  (ECF No. 65.)

1.8     On September 18, 2017, Plaintiffs filed a First Amended Complaint.  (ECF No. 69.) The First Amended Complaint sought compensation for, and to remedy, COACH's purportedly deceptive pricing scheme whereby COACH allegedly misrepresented regular or original prices and corresponding phantom "savings" on certain products sold in COACH's Coach-branded outlet stores in the United States.   Plaintiffs further alleged that COACH's use of the phrase "Manufacturer's Suggested Retail Price" ("MFSRP" or "MSRP") to describe the price of its outlet goods created the false impression that its outlet store merchandise was once sold in COACH's full-line retail stores and was of the same quality and workmanship as merchandise sold in COACH's full-line retail stores.   Plaintiffs further purported to assert claims on behalf of a

2

nationwide class, California class, and multistate class, and asserted claims for unjust enrichment, violations of California's Unfair Competition Law (California Business & Professions Code §17200, *et seq*.), Consumer Legal Remedies Act (California Civil Code §1750, *et seq*.), False Advertising Law (California Business & Professions Code §17500, *et seq*.),  New Hampshire's Consumer Protection Act (New Hampshire Revised Statue § 358-A:1, *et seq*.), New York common law fraud, breach of express warranty, and alleged violations of the consumer protection laws of various states.  COACH denies these allegations and the material facts alleged by Plaintiffs. Rather, COACH maintains that its pricing of products sold in its Coach-branded outlet stores in the United States is not misleading.  Further COACH denies that a MFSRP provides Plaintiffs or other consumers with a basis for believing that the product was sold in its full-price retail stores. COACH further denies that any purported class member has been misled or harmed, and asserts that a class action would not be manageable or certifiable in the absence of the Parties having reached a settlement.

1.9     On December 18, 2018, the Parties attended a full-day in-person mediation session before the Honorable Magistrate Judge Wang.  Prior to the session, the Parties had prepared confidential submissions for the Court's consideration.  Although the Parties were unable to reach a resolution of Plaintiffs' claims during the in-person mediation, arm's-length settlement discussions continued following the mediation session during which the Parties exchanged a number of proposals and counterproposals, seeking to resolve the litigation.

1.10    After more than six (6) months of negotiations, Plaintiffs and COACH reached agreement on the terms of a settlement (the "Settlement") of the Action.  The Parties did not negotiate or discuss attorneys' fees or the Incentive Award (as defined below) to the named Plaintiffs until after other substantive terms of the Settlement were reached.

1.11    Plaintiffs believe that the Released Claims (as defined below) have merit. However, Plaintiffs and their counsel recognize and acknowledge that the further expense, length, and risk of continued proceedings that will be necessary to prosecute the Action through discovery, class certification, any motions for summary judgment, trial, and any appeals may exceed the amount of any potential recovery.  Plaintiffs also have taken into account the uncertain outcome and risk of any litigation, as to issues of liability, causation, and damages, especially in a complex Action such as this, and the difficulties and delays inherent in such litigation.  Plaintiffs believe that the terms and conditions set forth in this Agreement confer substantial, immediate benefits upon the Settlement Class.  Based on their evaluation, and the advice of their counsel, Plaintiffs have determined that this Agreement is a fair, reasonable, and adequate resolution of Settlement Class Members' (as defined below) claims.

1.12    COACH denies any wrongdoing, liability or damage by itself, or any of its current or former subsidiaries or affiliates or any of its or their current or former employees or any other Coach Released Persons & Entities (as defined below).  COACH further denies any wrongdoing, liability or damage to any person whatsoever.  Further, this Agreement, or any portion of this Agreement, shall not be construed as or deemed to be evidence or an admission or concession on the part of COACH or any other Coach Released Persons & Entities with respect to any alleged claim, harm or damages, or of any alleged fault or liability or wrongdoing or damage whatsoever, or of any infirmity in the defenses that COACH has asserted or could assert if the Action were to proceed, and may not be cited in any action as an admission of liability.  Nonetheless, COACH has concluded that moving forward with the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled upon the terms and conditions set forth in this Agreement.  COACH also has taken into account the uncertainty and risks inherent in any

litigation, especially in complex cases such as this Action.  COACH has, therefore, determined that it is desirable and beneficial to it that the Action be settled in the manner and upon the terms and conditions set forth in this Agreement.

**THEREFORE**, in consideration of the mutual promises and covenants contained herein and of the releases and dismissals of claims described below, the Parties agree to this Settlement, subject to the Final Approval (as defined below) of the Court, upon the following terms and conditions:

## II.   <u>DEFINITIONS</u>

2.1    "Agreement" or "Settlement" or "Settlement Agreement" means this Agreement and its exhibits, attached hereto or incorporated herein, including any subsequent amendments agreed to in a writing signed by the Parties and any exhibits to such amendments.

2.2    "Attorneys' Fees and Expenses" means such funds as the Court may award to Class Counsel to compensate Class Counsel for the fees and expenses they have incurred or will incur in connection with this Action and Settlement, as described in Section VIII of this Agreement. Attorneys' Fees and Expenses do not include any costs or expenses associated with the Class Notice or administration of the Settlement.

2.3    "COACH" means Tapestry, Inc., a Maryland corporation with its principal place of business in New York, NY, and its affiliates and subsidiaries.

2.4    "Cash Fund" means the portion of the Settlement Fund valued at Five Hundred Thousand Dollars and No Cents ($500,000.00) that COACH will pay in cash for payments to the Settlement Class Members who elect to receive a cash award and who submit valid and timely Claim Forms, pursuant to Section 4.2 of this Agreement.

2.5      "Claim Form" means the document to be submitted by Claimants seeking payment pursuant to Section 4.2 of this Agreement.   The Claim Form will be available online at the Settlement Website, substantially in the form of Exhibit A to this Agreement.

2.6      "Claim Period" means the time period during which Settlement Class Members may submit a Claim Form to the Settlement Administrator for review.  The Claim Period shall run for a period of one-hundred and twenty (120) calendar days from the date of the first publication of the Summary Settlement Notice or Class Notice, including in online form or otherwise, unless otherwise ordered by the Court.

2.7      "Claimant" means a Settlement Class Member who submits a claim for payment as described in Section 4.2 of this Agreement.

2.8      "Class Action Settlement Administrator," "Settlement Administrator," or "Notice Administrator" means the company that will be selected by Class Counsel, and approved by COACH's Counsel, to provide Class Notice and to administer the claims process.

2.9      "Class Counsel" means Carlson Lynch LLP, Zimmerman Reed LLP, Kopelwitz Ostrow, P.A., Tycko & Zavareei LLP, and Halunen Law.

2.10    "Class Notice" or "Long-Form Notice" means the legal notice of the proposed Settlement terms, as approved by Class Counsel and COACH's Counsel, to be provided to potential members of the Settlement Class pursuant to Section 5.1 below.  The Class Notice shall be substantially in the form attached hereto as Exhibit B.  Any changes to the form of the Class Notice set forth in Exhibit B must be jointly approved in writing by Class Counsel and COACH's Counsel.

2.11    "Class Period" means the period from December 23, 2011 to the date the Court grant's Preliminary Approval of this Agreement.

2.12    "Court" means the United States District Court for the Southern District of New York.

2.13    "COACH's Counsel" means Kasowitz Benson Torres LLP and Kirkland & Ellis LLP.

2.14    "Effective Date" means the later of:

(a)    thirty (30) calendar days after the Order and Final Judgment finally approving this Agreement becomes final and unappealable; or

(b)    if an appeal is taken from the Order and Final Judgment, thirty (30) calendar days after the date on which all appellate rights (including petitions for rehearing or re-argument, petitions for rehearing en banc, petitions for certiorari or any other form of review, and proceedings in the United States Supreme Court or any other appellate court) have expired, been exhausted, or been finally disposed of in a manner that affirms the Order and Final Judgment.

2.15    "Final Approval" of this Agreement means the date that the Order and Final Judgment is entered in this Action approving this Agreement.

2.16    "Fund Institution" means a third-party banking institution where the cash funds COACH will pay under the terms of this Agreement will be deposited into an interest-bearing Qualified Settlement Fund account, specifically, the Settlement Fund, as defined herein.

2.17    "Incentive Award" means the court-approved amount Plaintiffs will receive, pursuant to Section 8.4.

2.18    "Merchandise" means any item sold at COACH's Coach-branded outlet stores in the United States.

2.19    "Notice Fund" means the portion of the Settlement Fund valued at Three Hundred Twenty-One Thousand Dollars and No Cents ($321,000.00), supplemented as necessary and

permissible pursuant to Section 5.1(a), that shall be used to pay for the costs and expenses associated with disseminating notice to the Settlement Class, including but not limited to, the Class Notice and Summary Settlement Notice, and the costs and expenses associated with the administration of the Settlement, including but not limited to, processing claims and fees of the Class Action Settlement Administrator.

2.20    "Notice Plan" means the plan for publication of Class Notice developed by the Settlement Claim Administrator, which will be attached as an exhibit to the Motion for Preliminary Approval, Declaration of Steven Weisbrot, Esq., of Angeion Group, LLC, with Respect to Settlement Notice Plan.

2.21    "Order and Final Judgment" means the final order to be entered by the Court approving the Settlement pursuant to the terms and conditions of this Agreement, dismissing the Action with prejudice, releasing claims as fully provided in this Agreement, and otherwise directing as the Court or the Parties deem necessary and appropriate to effectuate the terms and conditions of this Agreement.

2.22    "Preliminary Approval" means the order preliminarily approving the Agreement, preliminarily certifying the Settlement Class, and issuing any necessary related orders.

2.23    "Qualified Settlement Fund" means the type of fund, account, or trust, created pursuant to 26 C.F.R. §1.468B-1, that the Fund Institution will establish to receive certain payments under this Agreement and as provided for herein.

2.24    "Related Actions" means any action filed, threatened to be filed, or filed in the future in other state or federal courts asserting claims and alleging facts substantially similar to those asserted and alleged in this Action including, *inter alia*, the Released Claims.

2.25    "Released Claims" means any and all class or other claims against COACH by itself, or any of its current or former subsidiaries or affiliates or any of its or their current or former officers, directors, members, employees, agents, representatives, insurers, trustees, attorneys, investors, prospective investors, predecessors, successors, assigns, distributors, and retailers of COACH and its subsidiaries, affiliates, and parent companies, and all other persons who were, are or might be claimed to be liable in the Action (collectively, the "Coach Released Persons & Entities") regarding any and all manner of action or actions, cause or causes of action, in law or in equity, suits, debts, liens, contracts, agreements, promises, liabilities, claims, demands, damages, losses, costs, or expenses of any nature whatsoever, whether known or unknown, accrued or unaccrued, fixed or contingent, including, but not limited to, those claims of which Plaintiffs may not be aware and those not mentioned in this Agreement, which Settlement Class Members now have, or hereafter may have, against the Coach Released Persons & Entities arising out of or relating to the allegations in the Complaint or the First Amended Complaint, which, for the avoidance of doubt, includes COACH's alleged discounting of its Merchandise from a "MFSRP," advertising of those discounts, and COACH's sales of Merchandise from Coach-branded outlet stores in the United States.

2.26    "Coach Released Persons & Entities," including those whom Settlement Class Members covenant not to sue, means and includes COACH by itself or any of its current or former subsidiaries or affiliates or any of its or their current or former officers, directors, members, employees, agents, representatives, insurers, trustees, attorneys, subsidiaries, affiliates, commonly held companies, parent companies, investors, prospective investors, predecessors, successors, assigns, distributors, retailers, customers; the respective officers, directors, members, employees, subsidiaries, affiliates, parent companies, investors, shareholders, successors or assigns of the

foregoing persons; and all other persons who were, are or might be claimed to be liable in the Action.

2.27   "Settlement Class" or "Settlement Class Member" means all persons who, during the Class Period, purchased one or more items from COACH's Coach-branded outlet stores in the United States offered at a discount from a "MFSRP" and which contained a MFSRP on the tag. Excluded from the Settlement Class and Settlement Class Members are:  (a) the directors, officers, employees, and attorneys of COACH, its parents and subsidiaries, and any other entity in which COACH has a controlling interest; (b) governmental entities; (c) the Court, the Court's immediate family, and Court staff; and (d) any person that timely and properly excludes himself or herself from the Settlement Class in accordance with the procedures approved by the Court.

2.28   "Settlement Fund" means the aggregate value of Four Million, Six Hundred Sixty-One Thousand and No Cents ($4,661,000.00) that may be distributed through the Cash Fund and in Vouchers to Settlement Class Members who submit valid and timely Claim Forms, pursuant to Section 4.2.  Before the Vouchers are determined, the Settlement Fund will first be used to create the Notice Fund, which will be used to pay for Class Notice and administration costs or other costs pursuant to the terms of Section 4.1(a) of this Agreement, prior to any distribution from the Cash Fund or Vouchers.

2.29   "Settlement Hearings" means the hearings the Court will hold to consider and determine whether it should approve the proposed settlement contained in this Agreement as fair, reasonable, and adequate, and whether it should enter Order and Final Judgment approving the terms of the Agreement.  The term Settlement Hearings include both a "Preliminary Approval Hearing" and a "Final Approval Hearing," to be held after preliminary approval is granted, as the Court so orders.

2.30    "Settlement Website" means the website to be created by the Settlement Administrator for this settlement at www.███████████ that will include information about the Action and the Settlement, relevant documents, and electronic and printable forms relating to the Settlement, including the Long Form Notice, Short Form Notice, and Claim Form.  The format and contents of the Settlement Website shall be mutually agreed upon by the Parties in writing. The Settlement Website shall be activated on the date of the first publication of the Summary Settlement Notice or Class Notice, whichever is earlier, and shall remain active for at least one hundred and twenty (120) calendar days after the Court enters the Order and Final Judgment.

2.31    "Summary Settlement Notice" or "Short Form Notice" means the Summary Class Notice of proposed class action settlement, to be disseminated substantially in the form of Exhibit C attached to this Agreement.  Any changes to the Summary Settlement Notice or Short Form Notice from the form set forth in Exhibit C must be jointly approved by Class Counsel and COACH's Counsel.

2.32    "Tally" or "Final Tally" means the calculation and report the Settlement Administrator shall provide to the Parties, which shall include the value, number, and type of timely, valid, and approved Claims.  The Final Tally shall also include the calculation of the face value of the Vouchers that Settlement Class Members timely and validly claimed.

2.33    "Voucher" means an electronic voucher that may be redeemed for available Merchandise only at physical Coach-branded outlet stores in the United States.  Vouchers are subject to the following terms and conditions:  (a) a Settlement Class Member need not spend any cash to use a Voucher for Merchandise that, when combined with any applicable tax(es), is less than the Voucher amount; (b) Vouchers are fully transferrable; (c) up to two (2) Vouchers may be combined or stacked to purchase Merchandise in a single transaction or on any one calendar day;

(d) Vouchers will expire twelve months after they are distributed by the Class Administrator; (e) Vouchers may not be combined with other coupon(s), except that Vouchers may be used on any Merchandise offered to the general public on promotion or at a discount; (f) Vouchers have no independent monetary value; and (g) no minimum or maximum purchase amount is required to use a Voucher.  Procedures for implementing and enforcing the above terms and conditions shall be mutually agreed upon by Class Counsel and COACH's Counsel, in collaboration with the Settlement Administrator.

2.34   "Voucher Fund" means the portion of the Settlement Fund valued at Three Million Eight Hundred Forty Thousand Dollars and No Cents ($3,840,000.00) that COACH may pay in Vouchers to Settlement Class Members who elect to receive Vouchers and who submit valid and timely Claim Forms, pursuant to Section 4.2.

## III.   CERTIFICATION OF THE SETTLEMENT CLASS AND PRELIMINARY APPROVAL

3.1   For the purposes of settlement and the proceedings contemplated herein only, the Parties stipulate and agree that a nationwide Settlement Class may be certified.  Class certification shall be for settlement purposes only and shall have no effect for any other purpose.

3.2   The certification of the Settlement Class shall be binding only with respect to this Agreement.  In the event that Final Approval does not occur for any reason, the Preliminary Approval, and all of its provisions, shall be vacated by its own terms, this Agreement shall be void, null and of no effect *ab initio*, and this Action shall revert to its status that existed prior to the date of this Agreement.

3.3   COACH does not oppose class certification for settlement purposes only and consents to Plaintiffs' application to the Court for entry of an order which, among other things: (a) preliminarily certifies the Settlement Class in accordance with the definition set forth in Section

2.27 of this Agreement; (b) preliminarily approves this Agreement for purposes of issuing Class Notice; (c) approves the timing, content, and manner of the Class Notice and Summary Settlement Notice or Short Form Notice; (d) appoints the Settlement Administrator; (e) appoints Carlson Lynch LLP, Zimmerman Reed LLP, Kopelwitz Ostrow, P.A., Tycko & Zavareei LLP, and Halunen Law, as Class Counsel and Plaintiffs Marino, Esparza, Rael and Hinkey as Class Representatives; and (f) makes such orders as are necessary and appropriate to effectuate the terms and conditions of this Agreement.

3.4     On or before seven (7) days prior to the filing of the Motion for Preliminary Approval, COACH shall submit a signed, written declaration, substantially in the form of Exhibit D to this Agreement, stating that at least fifty (50) items of Merchandise will be made available during the Voucher redemption period for purchase in COACH's Coach-branded outlet stores in the United States at a price of twenty dollars ($20.00) or less.

## IV.     SETTLEMENT CONSIDERATION AND BENEFITS

The settlement relief includes two components to benefit the Settlement Class:  (a) a Settlement Fund from which Settlement Class Members who submit timely, valid, and approved claims will obtain cash payments or Vouchers; and (b) injunctive relief taking the form of compliance with state and federal price comparison laws, employee training with respect thereto, and compliance monitoring.

### 4.1     Settlement Fund

(a)     **Settlement Fund.**  COACH shall establish a Settlement Fund with a cash and voucher combined value of Four Million Six Hundred Sixty-One Thousand and No Cents ($4,661,000.00).  The Settlement Fund's value is determined as follows:  (i) a $3,840,000 Voucher Fund that will be used to distribute to eligible Settlement Class Members who make a claim for Vouchers to purchase Merchandise, on a pro rata basis; (ii) a $500,000 Cash Fund that will be used

to pay eligible Settlement Class Members who make a claim for a cash award, on a first come, first served basis (*i.e.*, not a pro rata basis); and (iii) a $321,000 Notice Fund to pay for the Settlement Administrator and to provide Class Notice to the Settlement Class.  Section 4.1(b) sets forth the timing of COACH's obligations regarding the cash and voucher Settlement Fund.

        (b)    **COACH's Funding of the Settlement Fund**.

        (i)    Initial Deposit.  Within twenty (20) calendar days after the entry of the Preliminary Approval Order, COACH shall deposit Three Hundred Twenty-One Thousand Dollars and No Cents ($321,000.00) into an account at the Fund Institution for the purposes of the Notice Fund.  This deadline may be extended by mutual consent of the Parties.   Additional Payment.  Within thirty (30) calendar days of the Effective Date, COACH shall advance into an account at the Fund Institution the remaining Five Hundred Thousand Dollars and No Cents ($500,000.00) for the Cash Fund.

        (ii)    Vouchers.  Within sixty (60) days of the Effective Date, COACH shall work with the Claims Administrator to issue vouchers totaling a value of Three Million Eight Hundred Forty Thousand Dollars and No Cents ($3,840,000.00).  Vouchers will be issued in amounts calculated by the Claims Administrator based on the total number of valid Claims received.  For clarity, Vouchers will not be deposited into a QSF, trust or other formal depository account.

        (c)    Class Counsel must approve any payment of costs or expenses under Sections 4.1(a)(i), 4.1(a)(ii), and 4.1(a)(iii).

        (d)    In no circumstances shall COACH's contribution to the Settlement Fund exceed Eight Hundred Twenty-One Thousand Dollars and No Cents ($821,000.00) in Cash and Three Million Eight Hundred Forty Thousand Dollars and No Cents ($3,840,000.00) in Vouchers

at face value.  Under this Settlement Agreement, the Parties agree that COACH's contribution to the Settlement Fund, along with its payment of Attorneys' Fees and Expenses and Incentive Awards that are separate from its contribution to the Settlement Fund, will collectively encompass the full extent of COACH's monetary payment in full consideration for the Releases and covenants not to sue set forth in Section VII of this Agreement.  These payments, pursuant to the terms and conditions of this Agreement, and any other non-monetary obligations of and considerations due from COACH set forth in this Agreement, will be in full satisfaction of all individual and class claims asserted in this Action.

(e)    COACH and the Released Parties are not obligated (and will not be obligated) to compute, estimate, or pay any taxes on behalf of Plaintiffs, Class Counsel, any Settlement Class Member, or the Settlement Administrator, or otherwise administer or support the implementation of the Settlement except as set forth herein.

(f)    In the event the Effective Date does not occur, all amounts paid into the Settlement Fund, less amounts incurred for claims administration and notice up to the date it is determined that the Effective Date will not occur, shall be returned to COACH.  In no other event shall the amounts paid into the Settlement Fund revert to COACH.

4.2    **Eligibility and Process for Obtaining a Cash or Voucher Payment**

To be eligible for either a cash or Voucher payment, a Settlement Class Member must submit a timely and valid Claim Form, which will be evaluated by the Settlement Administrator.

(a)    **Claim Form Availability.**  The Claim Form shall be in a substantially similar form to that attached as Exhibit A.  The Claim Form will be:  (i) included on the Settlement Website to be designed and administered by the Settlement Administrator; (ii) made readily available from the Settlement Administrator, including to anyone requesting a Claim Form from

the Settlement Administrator by mail, e-mail, or calling a toll-free number provided by the Settlement Administrator; and (iii) made readily available via a hyperlink that will be emailed to Settlement Class Members for whom COACH has, and/or the Administrator finds, an email address.

(b) **Timely Claim Forms.**  Settlement Class Members must submit a timely Claim Form.  To be timely, the Claim Form must be postmarked or submitted online before or on the last day of the Claim Period, the specific date of which will be displayed on the Claim Form and Class Notice as set forth on the Exhibits A and B.  For a Claim Form submitted by mail, the Claim Form will be deemed to have been submitted on the date of the postmark on the envelope or mailer.  For an electronically submitted Claim Form, the Claim Form will be deemed to have been submitted on the date it is received by the Settlement Administrator or three days after being submitted by the Settlement Class Member, whichever is shorter.

(c) **Validity of Claim Forms.**  Settlement Class Members must submit a valid Claim Form, which must contain the Settlement Class Member's legal first and last name and email address or mailing address, and an attestation of purchase(s) as described in Section 4.2(d)(1), or proof of purchase as described in Section 4.2(d)(2).  Settlement Class Members who elect to receive cash instead of a Voucher must additionally identify the date and location of at least one purchase of Merchandise, under penalty of perjury.  Subject to Section 4.2(g) herein, Claim Forms that do not meet the requirements set forth in this Agreement and in the Claim Form instructions may be rejected.  The Settlement Administrator will have the sole discretion to determine a Claim Form's validity.  Where a good faith basis exists, the Settlement Administrator may reject a Settlement Class Member's Claim Form for, among other reasons, the following:

(i)     failure to attest to the purchase of Merchandise during the Class Period at a discount from the regular or original price;

(ii)     failure to identify the date and location (store location or city and state) of at least one purchase of Merchandise if the Settlement Class Member elects to receive cash instead of a Voucher;

(iii)     failure to provide adequate verification or additional information of the Claim pursuant to a request of the Settlement Administrator;

(iv)     failure to fully complete and sign the Claim Form;

(v)     failure to submit a legible Claim Form;

(vi)     submission of a fraudulent Claim Form;

(vii)     submission of Claim Form that is duplicative of another Claim Form;

(viii)     submission of Claim Form by a person who is not a Settlement Class Member;

(ix)     request by person submitting the Claim Form to pay funds to a person or entity that is not the Settlement Class Member for whom the Claim Form is submitted;

(x)     failure to submit a Claim Form by the end of the Claim Period; or

(xi)     failure to otherwise meet the requirements of this Agreement or the Claim Form.

(d)     **Tiers**.  For purposes of issuing the Vouchers, Authorized Claimants will be categorized into tiers based on the total dollar amount of their verified purchases during the Class Period:

1.   **Tier 1 Authorized Claimants**:  A Tier 1 Authorized Claimant is anyone who does not submit any proof of purchase(s) with his or her timely and valid Claim Form, or anyone whose purchase(s) during the Class Period identified on a timely and valid Claim Form are less than $150.00.  To qualify for Tier 1, Claimants are required to submit a declaration under penalty of perjury, consistent with the Claim Form attached hereto as Exhibit A, that the Settlement Class Member purchased Merchandise offered at a discount from a regular or original price during the Class Period.

2.   **Tier 2 Authorized Claimants**:  A Tier 2 Authorized Claimant is one who has a purchase(s) during the Class Period totaling $150.00 or more.  To qualify for Tier 2, Claimants are required to submit proof of purchase(s) totaling $150.00 or more with a timely and valid Claim Form.

(e)   **Award to the Class.**  To each Authorized Claimant, Coach shall issue:

1.   Tier 1 Authorized Claimants:  one (1) Voucher, with a maximum value of $20.00, or $5.00 cash;

2.   Tier 2 Authorized Claimants:  two (2) Vouchers, with a maximum value of $20.00 on each Voucher, or $10.00 cash.

(f)   If the Voucher Fund would not be exhausted in a single round of distribution, then additional subsequent rounds of Voucher distribution will occur pro rata pursuant to Section 4.5 below.

(g)     If the Cash Fund would not be exhausted in a single round of distribution, then the Cash fund will be distributed pro rata pursuant to Sections 4.5 below.

(h)     **Verification of Purchase May Be Required**.  The Claim Form shall advise Settlement Class Members that while proof of purchase is not required to submit a Claim under Tier 1, should good cause exist to doubt the validity of the information provided on the Claim Form, the Settlement Administrator may request verification or more information regarding the purchase of Merchandise for the purpose of preventing fraud.  If the Settlement Class Member does not timely comply or is unable to produce documents or additional information to substantiate the information on the Claim Form and the Claim is otherwise not approved, the Settlement Administrator may disqualify the Claim, subject to the agreement of Class Counsel.

(i)     **Claim Form Submission and Review.**  Claimants may submit a Claim Form either by U.S. mail or electronically.  The Settlement Administrator shall review and process the Claim Forms pursuant to the process described in this Agreement to determine each Claim Form's validity.  Adequate and customary procedures and standards will be used by the Settlement Administrator to prevent the payment of fraudulent claims and to pay only legitimate claims.  The Parties shall take all reasonable steps, and direct the Settlement Administrator to take all reasonable steps, to ensure that Claim Forms completed and signed electronically by Claimants conform to the requirements of the federal Electronic Signatures in Global and National Commerce Act, 15 U.S.C. § 7001, *et seq*.

(j)     **Claim Form Deficiencies.**  Failure to provide all information requested on the Claim Form will not result in immediate denial or nonpayment of a claim.  Instead, the Settlement Administrator will take adequate and customary steps to attempt to cure the defect and to determine the Claimant's eligibility for payment and the amount of payment based on the

19

information contained in the Claim Form or otherwise submitted, including, but not limited to, attempting to follow up with the Claimant to gather additional information if necessary.  If the Claim Form defect cannot be cured, the Claim Form will be rejected.

(k)     **Failure to Submit Claim Form.**  Unless a Settlement Class Member opts out pursuant to Section VI, any Settlement Class Member who fails to submit a timely and valid Claim Form shall be forever barred from receiving any payment pursuant to this Agreement, and shall in all other respects be bound by all of the terms of this Agreement and the terms of the Order and Final Judgment to be entered in the Action.  Any Settlement Class Member who does not opt out will be bound by the Release in this Agreement and will be barred from bringing any action in any forum (state or federal) against any of the Released Parties concerning any of the matters subject to the Release.

4.3     <u>**Form of Distribution to Settlement Class Members**</u>

(a)     Payment to be provided to each Settlement Class Member who submits a timely and valid Claim Form pursuant to the terms and conditions of this Agreement shall be in the form of cash or Voucher(s).  The amount or value of the payment will vary based on:  (i) the total number of valid claims and type of claims submitted; and (ii) the number of Settlement Class Members who elect to receive cash versus Vouchers.

(b)     Cash will be paid by the Settlement Administrator pursuant to Section 4.4, via check;

(c)     Vouchers will be distributed by the Settlement Administrator pursuant to Section 4.4, via electronic transfer.

4.4     <u>**Election By Settlement Class Members of Form of Distribution**</u>

(a)    On the Claim Form, a Settlement Class Member must elect to receive payment in the form of either a Voucher or cash payment.  Each Settlement Class Member is eligible to receive one (1) Voucher without proof of purchase, and up to two (2) Vouchers with valid proof of purchase, or one (1) five dollar ($5.00) cash payment without proof of purchase and up to two (2) five dollar ($5.00) cash payments with valid proof of purchase.

(i)    Settlement Class Members who elect to receive a cash payment(s) will receive a payment of five dollars ($5.00) for a Tier 1 Claim, or a payment of ten dollars ($10.00) for a Tier 2 Claim, on a first come, first served basis, subject to pro rata upward adjustment pursuant to Section 4.5.

(ii)    Settlement Class Members who elect to receive a Voucher(s), and Settlement Class Members whose claim(s) to receive a cash payment is converted to a Voucher election pursuant to Section 4.5(c), will receive one Voucher for a Tier One Claim, or two Vouchers for a Tier 2 Claim, that can be used to purchase Merchandise in any of COACH's Coach-branded outlet stores in the United States.  The value of the Vouchers will be determined by dividing the value of the Voucher Fund by the total number of Vouchers resulting from timely, valid and approved Claims for Vouchers, but in no case will the value of any single Voucher exceed twenty dollars ($20.00).

(b)    The Settlement Administrator shall begin making payments or distributing Vouchers to Settlement Class Members who submit timely, valid, and approved Claims via first-class mail or electronic transfer no later than sixty (60) calendar days after the Effective Date and after the calculations required by Section 4.5 have been completed.  The Settlement Administrator may begin to pay timely, valid, and approved Claims sooner upon COACH's and Class Counsel's joint written direction, but not before the Effective Date.

(c)     The Settlement Administrator shall have completed sending the payment or Voucher to Settlement Class Members who have submitted timely, valid, and approved Claims no later than one-hundred twenty (120) calendar days after the Effective Date.

4.5     **Excess or Insufficient Funds in the Settlement Fund**

(a)     The Settlement Administrator shall determine each authorized Claimant's payment based upon each Claimant's Claim Form and the total number of valid Claims for that type of claim in accordance with this Section.  Accordingly, while the amounts of cash payments shall be fixed for each tier and distributed on a first come, first served basis until the Cash Fund is fully depleted, the actual Voucher amount received by each Settlement Class Member will not be determined until after the Claim Period has ended and all Claims have been processed and calculated.

(b)     **Excess Funds.**

(i)     If, after paying all valid Claims for cash awards at the amount of five dollars ($5.00) each, value remains in the Cash Fund, such remaining funds can be used to pay any notice and administration costs that exceed the value of the Notice Fund.  If, after paying notice and administration costs that exceed the value of the Notice Fund, value remains in the Cash Fund, such remaining funds will be distributed pursuant to Section 4.5(b)(ii).

(ii)     If, after distributing the funds from the Cash Fund in accordance with Section 4.5(b)(i), value remains in the Cash Fund, such remaining funds shall increase eligible Settlement Class Members' claimed relief for cash on a pro rata basis.

(iii)     If, after distributing one Voucher to each Settlement Class Member who submitted a valid and timely claim for a Voucher, and two Vouchers to each Settlement Class Member who submitted a valid and timely claim for Vouchers with valid proof of purchase, excess

funds remain in the Voucher Fund, the Settlement Administrator shall distribute additional Vouchers to each Settlement Class Member who submitted a valid and timely claim for a Voucher (the "Additional Vouchers") in accordance with the method set forth in Section 4.4(a)(ii) except that in no case will the value of any single Additional Voucher exceed ten dollars ($10.00).  If excess funds still remain in the Voucher Fund after distribution of the Additional Vouchers, then the Administrator shall repeat the process for the Additional Vouchers until the Voucher Fund is fully depleted.

(c)     **Insufficient Funds.**  Cash awards will be distributed to Settlement Class Members on a first come, first served basis.  If the total amount of the timely, valid, and approved Claims for cash awards exceeds the value of the Cash Fund, once the Cash Fund is depleted, otherwise timely and valid Claims for cash awards will be converted to timely and valid claims for Voucher(s).

It is the Parties' intent to distribute the entirety of the Settlement Fund to Settlement Class Members pursuant to Sections 4.5(a)-(c).  If, after distributing the funds from the Settlement Fund in accordance with Sections 4.5(a)-(c), including to the payment of notice and administration costs, any cash remains in the Settlement Fund from uncashed checks, upon motion by Plaintiffs and upon approval by the Court, the Parties will jointly select a *cy pres* recipient and move the Court to have such cash from uncashed checks paid to the *cy pres* recipient.  Under no circumstances shall any cash remaining in the Settlement Fund revert or otherwise be returned to COACH.

4.6     **Injunctive Relief**

(a)     As a direct result of this Action, COACH agrees that its pricing and labeling practices as of the date of Preliminary Approval of this Settlement Agreement, and continuing forward, will not violate then applicable federal or state law or regulations.

(b)     COACH agrees for three years from the effective date of this Agreement to periodically (no less than once a year) train (in person, online or via written communications) its relevant Coach-branded outlet employees to facilitate compliance with state and federal price comparison laws, specifically including but not limited to 16 C.F.R. §§ 233.1 and 233.3, Cal. Bus. & Prof. Code § 17501, and Cal. Civ. Code § 1770(a)(13), and to be able to answer customer questions regarding price comparisons, and will monitor its compliance with such laws and regulations (no less than once a year).

(c)     For purposes of this Agreement, sales of Merchandise already in COACH's inventory prior to Final Approval shall not constitute a violation of this Agreement.  Nothing in this Agreement is intended to prevent COACH from using the label "MFSRP" or "MSRP" or any similar designation.

### 4.7     **Confirmatory Discovery**

Within ten (10) days of the Court's Preliminary Approval, COACH shall provide to the Settlement Administrator a list of the names of potential Settlement Class Members based on the definition of the Settlement Class for whom COACH has mailing or electronic mail addresses in its customer record, as reflected by COACH's search of its electronic records.

## V.     **NOTICE TO CLASS AND ADMINISTRATION OF PROPOSED SETTLEMENT**

### 5.1     **Duties and Responsibilities of the Settlement Administrator**

Class Counsel recommends Angeion Group to be the Settlement Administrator for this Agreement, without objection from COACH.  Class Counsel reserves the right to select a different Settlement Administrator if necessary, and prior to filing a Motion for Preliminary Approval, subject to COACH's approval, which shall not be unreasonably withheld.  The Settlement Administrator shall abide by and shall administer the Settlement in accordance with the terms, conditions, and obligations of this Agreement and the Orders issued by the Court in this Action.

(a) **Costs of Notice and Administration**.  The costs of notice and claims administration will be paid as follows:

(i)   COACH will contribute Three Hundred Twenty-One Thousand Dollars and No Cents ($321,000.00) to the Notice Fund as specified in Section 4.1(a).  COACH shall not be required to pay any notice and claims administration costs in excess of the Notice Fund as specified in Section 4.1(a).

(ii)   If the costs of notice and claims administration exceed COACH's contribution to the Notice Fund, the costs of notice and claims administration may be paid from excess value remaining in the Cash Fund as specified in Section 4.5(b)(i);

(iii)   If the costs of notice and claims administration exceed Three Hundred Twenty-One Thousand Dollars and No Cents ($321,000.00), and there is either (i) no value remaining in the Cash Fund or (ii) insufficient value remaining in the Cash Fund to pay the costs of notice and claims administration, then any remaining costs of notice and claims administration will be deducted and paid from any award of Attorneys' Fees and Expenses made pursuant to Section 8.1.

(b) **Class Notice Duties.**  The Settlement Administrator shall, in cooperation with the Parties, be responsible for consulting on and designing the Class Notice, Summary Settlement Notice, and Claim Form.  Notice will be by email and publication.  After the Court's Preliminary Approval of this Agreement and appointment of the Settlement Administrator, the Settlement Administrator shall also be responsible for disseminating the Class Notice, substantially in the form as described in the Notice Plan that will be attached to the motion for Preliminary Approval, as specified in the Preliminary Approval Order, and as specified in this Agreement.  Dissemination of the Class Notice shall commence within thirty (30) calendar days

following the Court's Preliminary Approval of this Agreement and appointment of the Settlement Administrator.  The Class Notice and Summary Settlement Notice will comply with all applicable laws, including, but not limited to, the Due Process Clause of the Constitution.  Class Notice duties include, but are not limited to:

(i)        consulting on, drafting, and designing the Class Notice, Summary Settlement Notice, and Claim Form.  Class Counsel and COACH's Counsel shall have input and joint approval rights over these Notices and Form or any changes to the Notices and Form;

(ii)        developing a Notice Plan.  Class Counsel and COACH's Counsel shall have input and joint approval rights over this Notice Plan or changes to this Notice Plan.  To the extent that the Settlement Administrator believes additional or different Notice should be undertaken than that provided for in the Notice Plan, Class Counsel and COACH's Counsel shall have input and joint approval rights in their individual and sole discretion over any additional or different Notice;

(iii)        establishing and publishing a website that contains the Class Notice and related documents, including a Claim Form capable of being completed and submitted on-line. The Settlement Website, including the Class Notice, shall remain available for at least 120 days after the Effective Date;

(iv)        sending the Class Notice and related documents, including a Claim Form, via electronic mail, or regular mail for anyone who requests it, to any potential Settlement Class Member who so requests and sending such Class Notice and documents to the list of names, provided by COACH, who are identified by COACH, based on information in COACH's business records, as a potential Settlement Class Member with an electronic mail address;

(v)     responding to requests from Class Counsel and COACH's Counsel; and

(vi)     otherwise implementing and assisting with the dissemination of the Notice of the Settlement.

(c)     **Class Action Fairness Act Notice Duties to State and Federal Officials.** No later than ten (10) calendar days after this Agreement is filed with the Court, COACH shall mail or cause to be mailed the items specified in 28 U.S.C. § 1715(b) to each State and Federal official specified in 28 U.S.C. § 1715(a).

(d)     **Claims Process Duties.**  The Settlement Administrator shall be responsible for implementing the terms of the Claim Process and related administrative activities, including communications with Settlement Class Members concerning the Settlement, Claim Process, and the options they have.  Claims Process duties include, but are not limited to:

(i)     executing any mailings required under the terms of this Agreement;

(ii)     establishing a toll-free voice response unit to which Settlement Class Members may refer for information about the Action and the Settlement;

(iii)     establishing a post office box for the receipt of Claim Forms, exclusion requests, and any correspondence;

(iv)     receiving and maintaining on behalf of the Court all correspondence from any Settlement Class Member regarding the Settlement, and forwarding inquiries from Settlement Class Members to Class Counsel or their designee for a response, if warranted; and (v) receiving and maintaining on behalf of the Court any Settlement Class Member correspondence regarding any opt-out requests, exclusion forms, or other requests to exclude himself or herself from the Settlement, and providing to Class Counsel and COACH's Counsel a copy within five

27

(5) calendar days of receipt.  If the Settlement Administrator receives any such forms or requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide Class Counsel and COACH's Counsel with copies.

(e)     **Claims Review Duties.**  The Settlement Administrator shall be responsible for reviewing and approving Claim Forms in accordance with this Agreement.  Claims Review duties include, but are not limited to:

(i)     reviewing each Claim Form submitted to determine whether each Claim Form meets the requirements set forth in this Agreement, including, but not limited to whether the person for whom the Claim is made is a Settlement Class Member, and whether it should be allowed, including determining whether a Claim by any Settlement Class Member is timely, complete, and valid;

(ii)     working with Settlement Class Members who submit timely claims to try to cure any Claim Form deficiencies;

(iii)     using all reasonable efforts and means to identify and reject duplicate and/or fraudulent claims, including, without limitation, maintaining a database of all Claim Form submissions;

(iv)     keeping an accurate and updated accounting via a database of the number of Claim Forms received, whether the Settlement Class Member elected to receive a cash award or a Voucher, the name and address of the Settlement Class Member who made the claim, whether the claim has any deficiencies, and whether the claim has been approved as timely and valid; and

(v)     otherwise implementing and assisting with the Claim review process and payment of the Claims, pursuant to the terms and conditions of this Agreement.  For avoidance

of doubt, the Settlement Administrator shall have the sole discretion to determine the validity of Claims.

      (f)    **Updates.**  The Settlement Administrator shall provide periodic updates to Class Counsel and COACH's Counsel regarding Claim Form submissions beginning within seven (7) business days after the commencement of the dissemination of the Class Notice or the Summary Settlement Notice, continuing on a monthly basis thereafter, and shall provide such an update within seven (7) calendar days before the Final Approval Hearing.  The Settlement Administrator shall also provide such updates to Class Counsel or COACH's Counsel upon request, within a reasonable amount of time.  The Settlement Administrator shall give the Final Tally to the Parties no later than seven (7) calendar days after the close of the Claim Period.

      (g)    **Claims Payment Duties.**  The Settlement Administrator shall be responsible for sending cash awards and Vouchers to all eligible Settlement Class Members with valid, timely, and approved Claims pursuant to the terms and conditions of this Agreement.  Claim Payment duties include, but are not limited to:

      (i)    within seven (7) calendar days of the Effective Date, provide a report to Class Counsel and COACH's Counsel calculating the number of valid and timely Claims, the number of Settlement Class Members who elected to receive cash awards and Vouchers, the total number of Vouchers issued, the dollar value of each Voucher, and, if additional cash or Voucher payments are issued from the excess funds described in Section 4.5, the individual and aggregate dollar value of those payments;

      (ii)    per Sections 4.3, 4.4, and 4.5, once the Settlement Fund has been funded, sending cash awards and Vouchers to Settlement Claim Members who submitted timely, valid, and approved Claim Forms; and

(iii)     once cash awards and Vouchers distributions have commenced to the Settlement Class pursuant to the terms and conditions of this Agreement, the Settlement Administrator shall provide a regular accounting to Class Counsel and COACH's Counsel that includes, but is not limited to, the number of cash awards paid and their value and the number of Vouchers awarded and their value.

(h)     **Reporting to Court.**  Not later than ten (10) calendar days before the date of the Final Approval Hearing, the Settlement Administrator and Notice Administrator shall file a declaration or affidavit with the Court that:  (i) includes a list of those persons who have opted out or excluded themselves from the Settlement; and (ii) describes the scope, methods, and results of the notice program.

(i)     **Duty of Confidentiality.**  The Settlement Administrator shall treat any and all documents, communications, and customer, name, mailing or electronic mail address, payment and Voucher amount information or process and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications, or other information to any person or entity, except to the Parties or as provided for in this Agreement or by Court Order.

(j)     **Right to Request Claims Information.**  Class Counsel and COACH's Counsel shall have the right to receive information regarding the number and type of Claim Forms received by the Settlement Administrator at any time upon reasonable notice.

(k)     **Failure to Perform.**  If the Settlement Administrator misappropriates any funds from the Notice Fund or Settlement Fund or makes a material or fraudulent misrepresentation to, or conceals requested material information from, Class Counsel, COACH, or COACH's Counsel, then the Party who discovers the misappropriation or concealment or to

whom the misrepresentation is made shall, in addition to any other appropriate relief, have the right to demand that the Settlement Administrator immediately be replaced.  If the Settlement Administrator fails to perform adequately on behalf of the Parties, the Parties may agree to remove the Settlement Administrator.  Neither Party shall unreasonably withhold consent to remove the Settlement Administrator.  The Parties will attempt to resolve any disputes regarding the retention or dismissal of the Settlement Administrator in good faith.  If unable to so resolve a dispute, the Parties will refer the matter to the Court for resolution.

## VI.    OBJECTIONS AND REQUESTS FOR EXCLUSION

6.1    A Settlement Class Member may either object to the settlement contemplated in this Agreement pursuant to Section 6.2 or request exclusion from this Agreement pursuant to Section 6.3.

6.2    **Objections.**  Settlement Class Members shall have the right to object to this Settlement and to appear and show cause, if they have any reason why the terms of this Agreement should not be given Final Approval, pursuant to this paragraph:

(a)    A Settlement Class Member may object to the settlement contemplated in this Agreement either on his or her own without an attorney, or through an attorney hired at his or her own expense.

(b)    Any person who submits a Request for Exclusion or "Opt Out" as provided by Section 6.3 may not submit an objection to the settlement contemplated in this Agreement.

(c)    Any objection to the settlement contemplated in this Agreement must be in writing, signed by the Settlement Class Member (and his or her attorney, if individually represented), filed with the Court, with a copy delivered to Class Counsel and COACH's Counsel at the addresses set forth in the Class Notice, no later than thirty (30) calendar days before the Final Approval Hearing.

(d)     Any objection regarding or related to the settlement contemplated in this Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Marino v. Coach, Inc.*, Civil Action No. 1:16-cv-01122-VEC (S.D.N.Y.)."

(e)     Any objection regarding or related to the settlement contemplated in this Agreement shall contain:  information sufficient to identify and contact the objecting Settlement Class Member (or his or her individually hired attorney, if any); a clear and concise statement of the Settlement Class Member's objection; the date(s), time(s) and location(s) that the objector has purchased Merchandise; the facts supporting the objection; a specific statement of the legal grounds on which the objection is based, including whether it applies only to the objector, to a specific subset of the class, or to the entire class; the number of times in which the objector or his or her counsel has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector or his or her counsel has made such objection and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case, the identity of any former or current counsel who may be entitled to compensation for any reason related to the objection to the Agreement or fee application; the number of times in which the objector's counsel or counsel's law firm have objected to a class action settlement within the five (5) years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case; any and all agreements that relate to the objection or the process of objecting – whether written or verbal – between objector or objector's counsel and any other person or entity; a list of all persons who will be called to testify at the Final Approval Hearing in support of the

objection; and a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing.

(f)     Any objection shall include documents sufficient to establish the basis for the objector's standing as a Settlement Class Member, such as:  (i) a declaration signed by the objector under penalty of perjury, with language similar to that included in the Claim Form attached hereto as Exhibit A, that the Settlement Class Member purchased Merchandise offered at a discount from a regular or original price during the Class Period; or (ii) receipt(s) reflecting such purchase(s).

(g)     Class Counsel and COACH's Counsel shall have the right to respond to any objection no later than seven (7) calendar days prior to the Final Approval Hearing.  The Party so responding shall file a copy of the response with the Court, and shall serve a copy, by regular mail, hand or overnight delivery, to the objecting Settlement Class Member or to the individually hired attorney for the objecting Settlement Class Member, to Class Counsel, and to COACH's Counsel.

(h)     If an objecting Settlement Class Member chooses to appear at the hearing, no later than fifteen (15) calendar days before the Final Approval Hearing, a Notice of Intention to Appear, either In Person or Through an Attorney, must be filed with the Court and list the name, address and telephone number of the attorney, if any, who will appear.

6.3     **Requests for Exclusion.**  Settlement Class Members shall have the right to elect to exclude themselves, or "opt out," of the monetary portion of this Agreement, relinquishing their rights to compensation under this Agreement, and preserving their claims for damages that accrued during the Class Period, pursuant to this section:

(a)     A Settlement Class Member wishing to opt out of this Agreement must send to the Settlement Administrator, by U.S. Mail, a personally signed letter including his or her name

and address, and providing a clear statement communicating that he or she elects to be excluded from the Settlement Class.

        (b)     Any request for exclusion or opt out must be postmarked on or before the opt-out deadline date specified in the Preliminary Approval Order.  The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.

        (c)     The Settlement Administrator shall forward copies of any written requests for exclusion to Class Counsel and COACH's Counsel, and shall file a list reflecting all requests for exclusion with the Court no later than ten (10) calendar days before the Final Approval Hearing.

        (d)     The Request for Exclusion must be personally signed by the Settlement Class Member.

     6.4     Any Settlement Class Member who does not file a timely written request for exclusion as provided in the preceding Section 6.3 shall be bound by all subsequent proceedings, orders, and judgments, including, but not limited to, the Release in this Action, even if he or she has litigation pending or subsequently initiates litigation against COACH relating to the claims and transactions released in this Action.

     6.5     Any Settlement Class Member who does not request exclusion from the Settlement has the right to object to the Settlement.  Settlement Class Members may not both object and opt out of the Settlement.  Any Settlement Class Member who wishes to object must timely submit an objection as set forth in Section 6.2 above.  If a Settlement Class Member submits both an objection and a written request for exclusion, he or she shall be deemed to have complied with the terms of the procedure for requesting exclusion as set forth in Section 6.3 and shall not be bound by the Agreement if approved by the Court and the objection will not be considered by the Court.

6.6     COACH shall have in its sole and exclusive discretion the right to terminate and withdraw from this Agreement at any time prior to Final Approval if the number of timely and valid Requests for Exclusion or "Opt Outs" received exceeds five thousand (5,000).

## VII.    RELEASES AND COVENANT NOT TO SUE

7.1     Upon the Effective Date of this Settlement Agreement, Plaintiffs and each Settlement Class Member, and each of their successors, assigns, heirs, and personal representatives, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Coach Released Persons & Entities.  Plaintiffs and each Settlement Class Member covenant and agree that they shall not hereafter seek to sue, institute litigation against or otherwise seek to establish liability or damages against any Coach Released Persons & Entities or any other person based, in whole or in part, on any of the Released Claims.  The Released Claims shall be construed as broadly as possible to effect complete finality over this litigation involving the pricing, labeling, and advertising of Merchandise offered at a discount from a "MFSRP" from Coach-branded outlet stores in the United States, including but not limited to, as alleged in the Complaint or First Amended Complaint.

7.2     Upon the Effective Date, COACH shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged each named Plaintiff, each and all of the Settlement Class Members, and Class Counsel from all claims (including Unknown Claims, defined in Section 7.3) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims ("COACH's Released Claims").

7.3     In addition, with respect to the subject matter of this Action, by operation of entry of the Order and Final Judgment, Plaintiffs and each Settlement Class Member, and each of their

respective successors, assigns, legatees, heirs, and personal representatives, and COACH with respect to COACH's Released Claims, expressly waive any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including, without limitation, Section 1542 of the California Civil Code, which provides:

> A General Release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

In addition to the foregoing, by operation of entry of the Order and Final Judgment, Plaintiffs and each Settlement Class Member, and COACH with respect to the COACH's Released Claims, shall be deemed to have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any foreign country, and any and all principles of common law that are similar, comparable, or equivalent in substance or intent to Section 1542 of the California Civil Code ("Unknown Claims").

7.4   To the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of or contrary to this Agreement, including but not limited to any Related Actions.

## VIII.   ATTORNEYS' FEES AND EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARD

8.1   Class Counsel will make an application for an award of Attorneys' Fees and Expenses in the Action that will not exceed One Million, One Hundred Seventy Five Thousand and No Cents ($1,175,000.00).  COACH has agreed to pay the amount approved by the Court so long as it does not exceed the requested amount.  This shall be the sole aggregate compensation

paid by COACH for Class Counsel representing the Settlement Class and it shall be paid separate and apart from COACH's contributions to the Settlement Fund.  Class Counsel agrees that any award of Attorneys' Fees and Expenses will be sought solely and exclusively in the Action.  Class Counsel agrees that they will not seek or accept more than One Million, One Hundred Seventy Five Thousand and No Cents ($1,175,000.00) in Attorneys' Fees and Expenses.  The Parties also agree that the final order on attorneys' fees submitted to the Court for approval shall state that the maximum amount for which COACH will be liable to Class Counsel in the Action is the amount approved by the Court, not to exceed One Million, One Hundred Seventy Five Thousand and No Cents ($1,175,000.00).  The ultimate award of Attorneys' Fees and Expenses will be determined by the Court.  Notwithstanding anything herein, the Court's failure to approve, in whole or in part, any award of Attorneys' Fees and Expenses to Class Counsel shall not prevent the Agreement from becoming effective, shall not constitute grounds for termination of the Agreement, and the remaining provisions of this Agreement shall remain in full force and effect.

8.2     COACH shall wire to an account identified and maintained by Class Counsel any Court-approved Attorneys' Fees and Expenses to Class Counsel within ten (10) calendar days of the Effective Date.  Such payment shall be in full settlement of any claim for any Attorneys' Fees and Expenses by Class Counsel.  For the avoidance of doubt, payment of Attorneys' Fees and Expenses shall only be paid by COACH after it receives an IRS form W-9.  COACH shall issue an IRS form 1099 with respect to the payment.

8.3     COACH will not appeal from any order with respect to the award of Attorneys' Fees and Expenses provided that the order does not award Attorneys' Fees and Expenses in excess of the amount stated in Section 8.1.  Any award in excess of the amount stated in Section 8.1 shall render this agreement void *ab initio*.

8.4     Class Counsel will make an application for an Incentive Award for Plaintiffs, Marino, Esparza, Rael and Hinkey in the aggregate amount of Eight Thousand Dollars ($8,000). The ultimate availability and amount of the individual Incentive Awards will be determined by the Court.  Any Incentive Award ordered shall be the sole compensation paid to Plaintiffs Marino, Esparza, Rael and Hinkey for representing the Settlement Class, and COACH shall pay any Incentive Awards separate and apart from COACH's contributions to the Settlement Fund.  Within ten (10) calendar days after the Effective Date, COACH shall wire to an account identified and maintained by Class Counsel any Court-approved Incentive Awards in the amount of Two Thousand and No Cents ($2,000.00) per named Plaintiff, or such other amount approved by the Court not to exceed Two Thousand and No Cents ($2,000.00) per named Plaintiff.

## IX.   NO ADMISSION OF LIABILITY

9.1     COACH and the other Coach Released Persons & Entities have denied and continue to deny that the pricing and labeling of its Merchandise is false, deceptive, or misleading to consumers or violates any legal requirement.  For the avoidance of doubt, COACH and the Coach Released Persons & Entities, among other things, deny the allegations, and material facts underlying the allegations,  that COACH engaged in unfair, unlawful, fraudulent, or deceptive trade practices, breached an express warranty, or was unjustly enriched.  COACH further denies that any action or inaction alleged in the Complaint or First Amended Complaint caused any harm or damages or can be pursued on a class wide basis.  COACH is entering into this Settlement Agreement solely because it will eliminate the uncertainty, distraction, burden, and expense of further litigation.  The provisions contained in this Settlement Agreement and the manner or amount of relief provided to Settlement Class Members herein shall not be deemed a presumption, concession, or admission by COACH of any fault, liability, wrongdoing, harm or damages as to any facts or claims that have been or might be alleged or asserted in the Action, or in any other

38

action or proceeding that has been, will be, or could be brought, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in any action or proceeding, whether civil, criminal, or administrative, for any purpose other than as provided expressly herein.

9.2     In the event that the Court does not approve this Settlement Agreement through an Order and Final Judgment substantially in the form jointly submitted by the Parties strictly as required in this Agreement (or in a modified form mutually acceptable to the Parties), or this Settlement Agreement is terminated or fails to become effective or final in accordance with its terms, the Plaintiffs and COACH shall be restored to their respective positions in the Action as of the date hereof.  In such event, the terms and provisions of this Settlement Agreement shall have no further force and effect, shall be void *ab initio*, and shall not be used in the Action or in any other proceeding or for any purpose, and the Parties will jointly make an application requesting that any Judgment entered by the Court in accordance with the terms of this Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

9.3     By entering into this Settlement Agreement, COACH is not consenting to or agreeing to certification of the Settlement Class for any purpose other than to effectuate the settlement of the Action.  The Parties agree that if the Court does not approve this Settlement Agreement substantially in the form submitted (or in a modified form mutually acceptable to the Parties), or if this Settlement Agreement is terminated or fails to become effective or final in accordance with its terms, the Action shall proceed as if no Party had ever agreed to such Settlement, without prejudice to the right of any Party to take any and all action of any kind in the Action.

## X.   **ADDITIONAL PROVISIONS**

10.1    The Parties agree that information and documents exchanged in negotiating this Settlement Agreement were done so pursuant to Fed. R. Evid. 408, and no such confidential information exchanged or produced by either side may be revealed for any other purpose than this Settlement.  This does not apply to publicly available information or documents.

10.2    Pursuant to paragraph 21 of the Stipulated Protective Order entered in this Action (ECF No. 46), the Parties agree to return or dispose of confidential documents and information exchanged in negotiating this Settlement Agreement within sixty (60) days of the Effective Date. This does not apply to publicly available information or documents.

10.3    To facilitate the implementation of the Settlement Agreement, the Parties agree to a stay of the proceedings and all deadlines in the Action, except for the Confirmatory Discovery referred to in Section 4.7, and except as necessary to implement the Settlement Agreement.

10.4    The Parties agree that the terms of the Settlement Agreement were negotiated at arm's length and in good faith by the Parties and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

10.5    The Parties and their respective counsel agree to use their best efforts and to cooperate fully with one another:  (i) in seeking preliminary and final Court approval of this Settlement; and (ii) in effectuating the full consummation of the Settlement provided for in this Agreement.

10.6    Each counsel or other person executing this Settlement Agreement on behalf of any Party hereto warrants that such person has the authority to do so.

10.7    This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the

same instrument.  Executed counterparts shall be deemed valid if delivered by mail, courier, electronically, or by facsimile.

10.8    This Settlement Agreement shall be binding upon and inure to the benefit of the Parties (including all Settlement Class Members), their respective agents, attorneys, insurers, employees, representatives, officers, directors, partners, divisions, subsidiaries, affiliates, associates, assigns, heirs, successors in interest, and shareholders, and any trustee or other officer appointed in the event of a bankruptcy, as well as to all Coach Released Persons & Entities as defined in Section 2.26.  The waiver by any Party of a breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other breach of this Settlement Agreement.

10.9    This Settlement Agreement and any exhibits attached to it constitute the entire agreement between the Parties hereto and supersede any prior agreements or understandings, whether oral, written, express, or implied between the Parties with respect to the Settlement.

10.10   No amendment, change, or modification of this Settlement Agreement or any part thereof shall be valid unless in writing, signed by all Parties and their counsel, and approved by the Court.

10.11   The Parties to this Settlement Agreement each represent to the other that they have received independent legal advice from attorneys of their own choosing with respect to the advisability of making the settlement provided for in this Settlement Agreement, and with respect to the advisability of executing this Settlement Agreement, that they have read this Settlement Agreement in its entirety and fully understand its contents, and that each is executing this Settlement Agreement as a free and voluntary act.

10.12   Except as otherwise provided herein, all notices, requests, demands, and other communications required or permitted to be given pursuant to this Settlement Agreement shall be

in writing and shall be delivered personally, by facsimile, by email, or by overnight mail, to the undersigned counsel for the Parties at their respective addresses.

10.13   The titles and captions contained in this Settlement Agreement are inserted only as a matter of convenience and for reference, and shall in no way be construed to define, limit, or extend the scope of this Settlement Agreement or the intent of any of its provisions.   This Settlement Agreement shall be construed without regard to its drafter, and shall be construed as though the Parties participated equally in the drafting of this Settlement Agreement.

10.14   The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement and the Parties to the Settlement Agreement submit to the jurisdiction of the Court for those purposes.

10.15   To the extent Class Counsel wishes to issue any general or public communication about the settlement, any such public statement shall be limited to publicly available information and documents filed in this action or in a form mutually agreed upon by Class Counsel and COACH's Counsel.

10.16   This Settlement Agreement may be signed in counterparts.   By signing below, whether as a wet ink signature, an electronic signature, or a digital signature, each signatory indicates its intent to enter into this Settlement Agreement.   Facsimile or PDF copies of signature pages shall be treated as originals.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

Dated: July [ ], 2020

_Monica Rael_ (signature)

Monica Rael
Date: 7-20-20

_____
Deborah Esparza
Date: _____

_____
Michelle Marino
Date: _____

_____
Cera Hinkey
Date: _____

**CLASS COUNSEL**

_Todd Carpenter_ (signature)

Todd Carpenter, Esq.
Date: 7-16-20
**CARLSON LYNCH SWEET
KILPELA & CARPENTER, LLP**
402 West Broadway, 29th Floor
San Diego, CA 92101
Tel: 619.347.3517
tcarpenter@carlsonlynch.com

_____
David Cialkowski, Esq.
Date: _____
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel: 612.341.0400
david.cialkowski@zimmreed.com

_____
Andrea Gold, Esq.
Date: _____
**TYCKO & ZAVAREEI LLP**
1828 L. Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: 202.973.0900
agold@tzlegal.com

_____
Charles Moore, Esq.
Date: _____
**HALUNEN LAW**
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel: 612.605.4098
moore@halunenlaw.com

_____
Jeff Ostrow, Esq.
Date: _____
**KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT**
One West Las Olas Boulevard., Suite 500
Fort Lauderdale, FL 33301
Tel: 954.525.4100
ostrow@kolawyers.com

_____
Charles J. LaDuca, Esq.
Date: _____
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, Suite 200
Washington, DC 20016
Telephone: 202 789 3960
charles@cuneolaw.com

*Counsel for Plaintiffs*

47

Dated: July [ ], 2020

_____
Monica Rael
Date:_____

_____
Deborah Esparza
Date: 7/20/2020

_____
Michelle Marino
Date:_____

_____
Cera Hinkey
Date:_____

**CLASS COUNSEL**

_____
Todd Carpenter, Esq.
Date:_____
**CARLSON LYNCH SWEET
KILPELA & CARPENTER, LLP**
402 West Broadway, 29th Floor
San Diego, CA 92101
Tel: 619.347.3517
tcarpenter@carlsonlynch.com

_____
David Cialkowski, Esq.
Date:_____
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel: 612.341.0400
david.cialkowski@zimmreed.com

_____
Andrea Gold, Esq.
Date:_____
**TYCKO & ZAVAREEI LLP**
1828 L. Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: 202.973.0900
agold@tzlegal.com

_____
Charles Moore, Esq.
Date:_____
**HALUNEN LAW**
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel: 612.605.4098
moore@halunenlaw.com

_____
Jeff Ostrow, Esq.
Date:_____
**KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT**
One West Las Olas Boulevard., Suite 500
Fort Lauderdale, FL 33301
Tel: 954.525.4100
ostrow@kolawyers.com

_____
Charles J. LaDuca, Esq.
Date:_____
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, Suite 200
Washington, DC 20016
Telephone: 202 789 3960
charles@cuneolaw.com

*Counsel for Plaintiffs*

43

Dated: July [   ], 2020

_____
Monica Rael
Date:_____

_____
Deborah Esparza
Date:_____

_____
Michelle Marino
Date:_____7/20/20_____

_____
Cera Hinkey
Date:_____

**CLASS COUNSEL**

_____
Todd Carpenter, Esq.
Date:_____
**CARLSON LYNCH SWEET
KILPELA & CARPENTER, LLP**
402 West Broadway, 29th Floor
San Diego, CA 92101
Tel: 619.347.3517
tcarpenter@carlsonlynch.com

_____
David Cialkowski, Esq.
Date:_____
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel:  612.341.0400
david.cialkowski@zimmreed.com

_____
Andrea Gold, Esq.
Date:_____
**TYCKO & ZAVAREEI LLP**
1828 L. Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: 202.973.0900
agold@tzlegal.com

_____
Charles Moore, Esq.
Date:_____
**HALUNEN LAW**
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel: 612.605.4098
moore@halunenlaw.com

_____
Jeff Ostrow, Esq.
Date:_____
**KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT**
One West Las Olas Boulevard., Suite 500
Fort Lauderdale, FL 33301
Tel: 954.525.4100
ostrow@kolawyers.com

_____
Charles J. LaDuca, Esq.
Date:_____
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, Suite 200
Washington, DC 20016
Telephone: 202 789 3960
charles@cuneolaw.com

*Counsel for Plaintiffs*

Dated: July [   ], 2020

_____
Monica Rael
Date:_____

_____
Deborah Esparza
Date:_____

_____
Michelle Marino
Date:_____

_____
*Cera Hinkey*
Cera Hinkey
Date:_____07-20-2020_____

**CLASS COUNSEL**

_____
Todd Carpenter, Esq.
Date:_____
**CARLSON LYNCH SWEET
KILPELA & CARPENTER, LLP**
402 West Broadway, 29th Floor
San Diego, CA 92101
Tel: 619.347.3517
tcarpenter@carlsonlynch.com

_____
David Cialkowski, Esq.
Date:_____
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel:  612.341.0400
david.cialkowski@zimmreed.com

_____
Andrea Gold, Esq.
Date:_____
**TYCKO & ZAVAREEI LLP**
1828 L. Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: 202.973.0900
agold@tzlegal.com

_____
Charles Moore, Esq.
Date:_____
**HALUNEN LAW**
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel: 612.605.4098
moore@halunenlaw.com

_____
Jeff Ostrow, Esq.
Date:_____
**KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT**
One West Las Olas Boulevard., Suite 500
Fort Lauderdale, FL 33301
Tel: 954.525.4100
ostrow@kolawyers.com

_____
Beatrice Yakubu, Esq.
Date:_____
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, Suite 200
Washington, DC 20016
Telephone: 202 789 3960
charles@cuneolaw.com

*Counsel for Plaintiffs*

43

Dated: July [  ], 2020

_____
Monica Rael
Date:_____

_____
Deborah Esparza
Date:_____

_____
Michelle Marino
Date:_____

_____
Cera Hinkey
Date:_____

**CLASS COUNSEL**

_____
Todd Carpenter, Esq.
Date:_____
**CARLSON LYNCH SWEET
KILPELA & CARPENTER, LLP**
402 West Broadway, 29th Floor
San Diego, CA 92101
Tel: 619.347.3517
tcarpenter@carlsonlynch.com

_____
David Cialkowski, Esq.
Date:   July 20, 2020
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel:  612.341.0400
david.cialkowski@zimmreed.com

_____
Andrea Gold, Esq.
Date:_____
**TYCKO & ZAVAREEI LLP**
1828 L. Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: 202.973.0900
agold@tzlegal.com

_____
Charles Moore, Esq.
Date:_____
**HALUNEN LAW**
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel: 612.605.4098
moore@halunenlaw.com

_____
Jeff Ostrow, Esq.
Date:_____
**KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT**
One West Las Olas Boulevard., Suite 500
Fort Lauderdale, FL 33301
Tel: 954.525.4100
ostrow@kolawyers.com

_____
Charles J. LaDuca, Esq.
Date:_____
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, Suite 200
Washington, DC 20016
Telephone: 202 789 3960
charles@cuneolaw.com

*Counsel for Plaintiffs*

43

Dated: July [ ], 2020

_____
Monica Rael
Date:_____

_____
Deborah Esparza
Date:_____

_____
Michelle Marino
Date:_____

_____
Cera Hinkey
Date:_____

**CLASS COUNSEL**

_____
Todd Carpenter, Esq.
Date:_____
**CARLSON LYNCH SWEET
KILPELA & CARPENTER, LLP**
402 West Broadway, 29th Floor
San Diego, CA 92101
Tel: 619.347.3517
tcarpenter@carlsonlynch.com

_____
David Cialkowski, Esq.
Date:_____
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel: 612.341.0400
david.cialkowski@zimmreed.com

_____
Andrea Gold, Esq.
Date:  7-20-20
**TYCKO & ZAVAREEI LLP**
1828 L. Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: 202.973.0900
agold@tzlegal.com

_____
Charles Moore, Esq.
Date:_____
**HALUNEN LAW**
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel: 612.605.4098
moore@halunenlaw.com

_____
Jeff Ostrow, Esq.
Date:_____
**KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT**
One West Las Olas Boulevard., Suite 500
Fort Lauderdale, FL 33301
Tel: 954.525.4100
ostrow@kolawyers.com

_____
Charles J. LaDuca, Esq.
Date:_____
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, Suite 200
Washington, DC 20016
Telephone: 202 789 3960
charles@cuneolaw.com

*Counsel for Plaintiffs*

Dated: July [   ], 2020

_____
Monica Rael
Date:_____

_____
Deborah Esparza
Date:_____

_____
Michelle Marino
Date:_____

_____
Cera Hinkey
Date:_____

**CLASS COUNSEL**

_____
Todd Carpenter, Esq.
Date:_____
**CARLSON LYNCH SWEET
KILPELA & CARPENTER, LLP**
402 West Broadway, 29th Floor
San Diego, CA 92101
Tel: 619.347.3517
tcarpenter@carlsonlynch.com

_____
David Cialkowski, Esq.
Date:_____
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel: 612.341.0400
david.cialkowski@zimmreed.com

_____
Andrea Gold, Esq.
Date:_____
**TYCKO & ZAVAREEI LLP**
1828 L. Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: 202.973.0900
agold@tzlegal.com

_____
Charles Moore, Esq.
Date:___7/20/20___
**HALUNEN LAW**
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel: 612.605.4098
moore@halunenlaw.com

_____
Jeff Ostrow, Esq.
Date:_____
**KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT**
One West Las Olas Boulevard., Suite 500
Fort Lauderdale, FL 33301
Tel: 954.525.4100
ostrow@kolawyers.com

_____
Charles J. LaDuca, Esq.
Date:_____
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, Suite 200
Washington, DC 20016
Telephone: 202 789 3960
charles@cuneolaw.com

*Counsel for Plaintiffs*

43

Dated: July [  ], 2020

_____
Monica Rael
Date:_____


_____
Deborah Esparza
Date:_____


_____
Michelle Marino
Date:_____


_____
Cera Hinkey
Date:_____


**CLASS COUNSEL**


_____
Todd Carpenter, Esq.
Date:_____
**CARLSON LYNCH SWEET**
**KILPELA & CARPENTER, LLP**
402 West Broadway, 29th Floor
San Diego, CA 92101
Tel: 619.347.3517
tcarpenter@carlsonlynch.com


_____
David Cialkowski, Esq.
Date:_____
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel:  612.341.0400
david.cialkowski@zimmreed.com


_____
Andrea Gold, Esq.
Date:_____
**TYCKO & ZAVAREEI LLP**
1828 L. Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: 202.973.0900
agold@tzlegal.com


_____
Charles Moore, Esq.
Date:_____
**HALUNEN LAW**
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel: 612.605.4098
moore@halunenlaw.com


_____
Jeff Ostrow, Esq.
Date:_____ 7-20-2020
**KOPELOWITZ OSTROW FERGUSON**
**WEISELBERG GILBERT**
One West Las Olas Boulevard., Suite 500
Fort Lauderdale, FL 33301
Tel: 954.525.4100
ostrow@kolawyers.com


_____
Charles J. LaDuca, Esq.
Date:_____
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, Suite 200
Washington, DC 20016
Telephone: 202 789 3960
charles@cuneolaw.com

*Counsel for Plaintiffs*

43

Dated: July [   ], 2020

_____
Monica Rael
Date:_____

_____
Deborah Esparza
Date:_____

_____
Michelle Marino
Date:_____

_____
Cera Hinkey
Date:_____

**CLASS COUNSEL**

_____
Todd Carpenter, Esq.
Date:_____
**CARLSON LYNCH SWEET
KILPELA & CARPENTER, LLP**
402 West Broadway, 29th Floor
San Diego, CA 92101
Tel: 619.347.3517
tcarpenter@carlsonlynch.com

_____
David Cialkowski, Esq.
Date:_____
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel: 612.341.0400
david.cialkowski@zimmreed.com

_____
Andrea Gold, Esq.
Date:_____
**TYCKO & ZAVAREEI LLP**
1828 L. Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: 202.973.0900
agold@tzlegal.com

_____
Charles Moore, Esq.
Date:_____
**HALUNEN LAW**
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel: 612.605.4098
moore@halunenlaw.com

_____
Jeff Ostrow, Esq.
Date:_____
**KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT**
One West Las Olas Boulevard., Suite 500
Fort Lauderdale, FL 33301
Tel: 954.525.4100
ostrow@kolawyers.com

_____
Charles J. LaDuca, Esq.
Date: 07/20/20
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, Suite 200
Washington, DC 20016
Telephone: 202 789 3960
charles@cuneolaw.com

*Counsel for Plaintiffs*

43

**Tapestry, Inc.**

By: _____

Name: _Todd Kahn_

Title: _President_

Date: _7-21-20_

_____

KASOWITZ BENSON TORRES LLP
Kevin A. Cyrulnik
1633 Broadway
New York, NY 10019
Telephone:  (212) 506-1700
Facsimile:  (212) 506-1800
kcyrulnik@kasowitz.com

_____

KIRKLAND & ELLIS LLP
Aaron Marks
601 Lexington Avenue
New York, NY 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
aaron.marks@kirkland.com

*Counsel for Defendant*

44

# Exhibit A

# Marino et al. v. Coach, Inc.
# Claim Form Instructions

## INSTRUCTIONS FOR COMPLETING THE CLAIM FORM

If you believe you are an eligible Settlement Class Member and you wish to apply for a Settlement benefit, you must complete and submit a Claim Form. Please read the full Class Notice available at the Settlement Website, **[INSERT WEBSITE]**, carefully before completing a Claim Form. You may submit your Claim Form online at the Settlement Website or by mailing it to the Settlement Administrator:

> **ONLINE:**    **Visit the Settlement Website, [INSERT WEBSITE], and submit your Claim Form online.**
>
> **MAIL**:    **[INSERT ADDRESS]**

If you submit your Claim Form online, you must do so on or before [120 days from first publication of Summary Settlement Notice], 2020.  If you are mailing your Claim Form, you must do so via first-class United States Mail, and it must be postmarked no later than [120 days from first publication of Summary Settlement Notice], 2020.

If you have questions about this Claim Form, please visit the Settlement Website, [INSERT WEBSITE], or contact the Settlement Administrator via email at [insert email address] or call toll-free at [phone number].

## CLAIM FORM REMINDER CHECKLIST

### Before submitting this Claim Form, please make sure you:

1. Complete all fields in Section A (Name and Contact Information) of this Claim Form.

2. List all of the Coach Outlet Products purchased in Section B of this Claim Form.

3. YOU MUST sign the Attestation under penalty of perjury in Section C of this Claim Form.

4. Include copies of your Proof of Purchase documentation that you are submitting in support of your Claim Form. Do not send original documents.

**Please keep a copy of your Claim Form for your records.**

<table>
<tr><td>**Your claim must be postmarked by: XXXX XX, 2020**</td><td>**Marino et al. v. Coach, Inc.**<br>**Claim Form**</td><td>**BBG**<br>**Claim Form**</td></tr>
</table>

## SECTION A:   NAME AND CONTACT INFORMATION

Provide your name and contact information below. It is your responsibility to notify the Settlement Administrator of any changes to your contact information after the submission of your Claim Form.

|  |  |
|---|---|
| **First Name** | **Last Name** |

**Street Address**

| | | |
|---|---|---|
| **City** | **State** | **Zip Code** |

| | |
|---|---|
| **Phone Number** | **E-Mail Address** |

## SECTION B:   COACH OUTLET PRODUCTS PURCHASE VERIFICATION

Provide the following information regarding purchases you made during the Class Period of Products at Coach-branded outlet stores in the United States that bear the phrase "MFSRP" on the tag, and indicate the purchases for which you are attaching Proof of Purchase documentation. Proof of Purchase means receipts or other evidence establishing that you purchased a specific quantity of Products at a specific price, on a specific date, from a specific location, during the Class Period.

**There is no Product Limit for Products. Limit 1 Claim Form per Household.**

| Coach Outlet Product | # Products Purchased | Cost of Product | Approximate Date(s) of Purchase(s) (MM/YYYY) | Location(s) of Purchase(s) | Proof of Purchase Attached? |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

2

**I elect to receive my settlement in (select 1):**   | **Cash** | | **Voucher** |

---

**SECTION C:   ATTESTATION UNDER PENALTY OF PERJURY**

---

I declare, under penalty of perjury, that the information in the Claim Form is true and correct to the best of my knowledge, and that I purchased the Product(s) claimed above at Coach-branded outlet stores in the United States during the Class Period. I understand that my Claim Form may be subject to audit, verification, and Court review. Neither I nor anyone from my Household have previously submitted a Claim Form in this Settlement.

| | |
|---|---|
| | |

Signature                                     Date

| |
|---|
| |

Print Name

**Please note that you will not be eligible to receive any Settlement benefits unless you sign above.**

# Exhibit B

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

# If you purchased any Coach Outlet Products
# Between December 23, 2011 and [DATE OF PRELIMINARY APPROVAL ORDER]
# You May be Eligible to Receive a Payment from a Class Action Settlement.

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

- A proposed nationwide settlement ("Settlement") has been reached in a class action lawsuit involving Defendant Coach, Inc.'s ("Defendant" or "COACH") products sold in Coach-branded outlet stores in the United States offered at a discount from a "MFSRP" and which contained a MFSRP on the tag ("Products"). The Settlement resolves litigation over whether the Defendant allegedly violated state laws regarding the marketing and sale of the Products.

- You may be eligible to participate in the proposed Settlement, if it is finally approved, if you purchased any Products between December 23, 2011 and [DATE OF PRELIMINARY APPROVAL ORDER].

- The Settlement will provide payments to those who qualify. You will need to file a Claim Form to get a payment from the Settlement.

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM BY [INSERT DEADLINE]** | This is the only way to get a payment. |
| **EXCLUDE YOURSELF BY [INSERT DEADLINE]** | Get no payment from the Settlement. This is the only option that allows you to ever be a part of any other lawsuit against the Defendant about the legal claims in this case. |
| **OBJECT BY [INSERT DEADLINE]** | Write to the Court about why you think the Settlement is unfair, inadequate, or unreasonable. |
| **GO TO A HEARING [INSERT HEARING DATE]** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment. Give up rights to ever sue the Defendant about the legal claims in this case. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice. The deadlines may be moved, canceled, or otherwise modified, so please check the Settlement Website, [INSERT URL], regularly for updates and further details.

- The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

# WHAT THIS NOTICE CONTAINS:

**BASIC INFORMATION**
1.    Why is there a notice?
2.    What is this lawsuit about?
3.    Why is this a class action?
4.    Why is there a Settlement?

**WHO IS IN THE SETTLEMENT?**
5.    How do I know if I am in the Settlement?
6.    Which Products are included in the Settlement?
7.    What if I am still not sure if I am included in the Settlement?

**SETTLEMENT BENEFITS**
8.    What does the Settlement provide?
9.    What can I get from the Settlement?
10.   What am I giving up to stay in the Class?

**HOW TO GET A PAYMENT**
11.   How can I get a payment?
12.   When will I get my payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**
13.   How do I get out of the Settlement?
14.   If I do not exclude myself, can I sue the Defendant for the same thing later?
15.   If I exclude myself, can I still get a payment?

**OBJECTING TO THE SETTLEMENT**
16.   How can I tell the Court if I do not like the Settlement?
17.   What is the difference between objecting and excluding?

**THE LAWYERS REPRESENTING YOU**
18.   Do I have a lawyer in this case?
19.   How will the lawyers be paid?

**THE COURT'S FAIRNESS HEARING**
20.   When and where will the Court decide whether to approve the Settlement?
21.   Do I have to come to the hearing?
22.   May I speak at the hearing?

**IF YOU DO NOTHING**
23.   What happens if I do nothing at all?

**GETTING MORE INFORMATION**
24.   How do I get more information?

## BASIC INFORMATION

1. **Why is there a notice?**

   You have a right to know about a proposed Settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the Settlement.

   The Court in charge of this case is the United States District Court for the Southern District of New York (the "Court"), and the case is called *Marino et al v. Coach, Inc. Inc.*, Lead Case Number 1:16-cv-01122-VEC (OTW). The individuals who sued are called the Plaintiffs, and the company Plaintiffs sued, Coach, Inc., is called the Defendant.

2. **What is this lawsuit about?**

   The lawsuit alleges that the "MFSRP" statements on the tags of the Products are misleading because they included the price of its retail goods, thereby creating the false impression that its outlet store merchandise was once sold in COACH's full-line retail stores and was of the same quality and workmanship as merchandise sold in COACH's full-line retail stores.

   The Defendant denies any and all wrongdoing of any kind whatsoever, and denies any liability to Plaintiffs and to the Settlement Class.

3. **Why is this a class action?**

   In a class action, one or more people, called "Class Representative(s)," sue on behalf of people who have similar claims. All the people who have similar claims are in a "class" and are "class members," except for those who exclude themselves from the class.  United States District Court Judge Valerie E. Caproni in the United States District Court for the Southern District of New York is in charge of this class action.

4. **Why is there a Settlement?**

   The Defendant is not admitting that it did anything wrong, but both sides want to avoid the cost of further litigation. The Court has not decided in favor of the Plaintiffs or the Defendant. The Class Representatives and their attorneys think the Settlement is best for everyone who is affected. The Settlement provides the opportunity for Settlement Class Members to receive Settlement benefits.

## WHO IS IN THE SETTLEMENT?

5. **How do I know if I am in the Settlement?**

   The Settlement Class includes all persons who, from December 23, 2011 to [**DATE OF PRELIMINARY APPROVAL ORDER**], purchased one or more items from COACH's Coach-branded outlet stores in the United States offered at a discount from a "MFSRP" and which contained a MFSRP on the tag. Excluded from the Settlement Class and Settlement Class Members are: (a) the directors, officers, employees, and attorneys of COACH, its parents and subsidiaries, and any other entity in which COACH has a controlling interest; (b) governmental entities; (c) the Court, the Court's immediate family, and Court staff; and (d) any person that timely and properly excludes himself or herself from the Settlement Class in accordance with the procedures approved by the Court.

6. **Which Products are included in the Settlement?**

   The Products covered by this Settlement are products sold at Coach-branded outlet stores in the United States offered at a discount from a "MFSRP" and which contained a MFSRP on the tag.

**7.    What if I am still not sure if I am included in the Settlement?**

If you are not sure whether you are a Settlement Class Member, or have any other questions about the Settlement Agreement, you should visit the Settlement Website, [**INSERT URL**], or call the toll-free number, [**INSERT TOLL FREE NUMBER**].

## SETTLEMENT BENEFITS

**8.    What does the Settlement provide?**

The Settlement provides for a Settlement Fund in the amount of $4,661,000 to pay (1) Eligible Claims submitted by Settlement Class Members; and (2) Notice and Claim Administration Expenses. Settlement Class Members who timely submit valid Claim Forms are entitled to receive a cash or voucher payment from the Settlement.

**9.    What can I get from the Settlement?**

If you submit a valid Claim Form by the deadline, you can get a payment from the Settlement. The actual amount recovered by each Settlement Class Member will not be determined until after the Claims Period has ended and all Claims have been calculated.

**10.   What am I giving up to stay in the Class?**

Unless you exclude yourself from the Settlement, you cannot sue the Defendant, continue to sue, or be part of any other lawsuit against the Defendant about the claims released in this Settlement.  It also means that all of the decisions by the Court will bind you. Below is a summary of Released Claims. The full Release is described more fully in the Settlement Agreement and describes exactly the legal claims that you give up if you stay in the Settlement Class.  The Settlement Agreement is available at the Settlement Website, [**INSERT URL**].

"Released Claims" means any and all class or other claims against COACH by itself, or any of its current or former subsidiaries or affiliates or any of its or their current or former officers, directors, members, employees, agents, representatives, insurers, trustees, attorneys, investors, prospective investors, predecessors, successors, assigns, distributors, and retailers of COACH and its subsidiaries, affiliates, and parent companies, and all other persons who were, are or might be claimed to be liable in the Action (collectively, the "Coach Released Persons & Entities") regarding any and all manner of action or actions, cause or causes of action, in law or in equity, suits, debts, liens, contracts, agreements, promises, liabilities, claims, demands, damages, losses, costs, or expenses of any nature whatsoever, whether known or unknown, accrued or unaccrued, fixed or contingent, including, but not limited to, those claims of which Plaintiffs may not be aware and those not mentioned in this Agreement, which Settlement Class Members now have, or hereafter may have, against the Coach Released Persons & Entities arising out of or relating to the allegations in the Complaint or the First Amended Complaint, which, for the avoidance of doubt, includes COACH's alleged discounting of its Merchandise from a "MFSRP," advertising of those discounts, and COACH's sales of Merchandise from Coach-branded outlet stores in the United States.

## HOW TO GET A PAYMENT

**11.   How can I get a payment?**

To be eligible to receive a payment from the Settlement, you must complete and submit a timely Claim Form. You can complete and submit your Claim Form online at the Settlement Website, [**INSERT URL**]. The Claim Form can be downloaded from the Settlement Website, as well. You can request a Claim Form be sent to you by sending a written request to the Settlement Administrator by mail or by email.

**MAIL**:  [**INSERT ADDRESS**]

**EMAIL**: [**INSERT EMAIL ADDRESS**]

Please read the instructions carefully, fill out the Claim Form, and mail it via first-class United States Mail, postmarked no later than **[INSERT DEADLINE DATE]** to: Settlement Administrator, **[INSERT ADDRESS]**, or submit your Claim Form online at the Settlement Website, **[INSERT URL]**, by **[INSERT DEADLINE DATE]**.

If you do not submit a valid Claim Form by the deadline, you will not receive a payment.

12. **When will I get my payment?**

Payments will be sent to Settlement Class Members who send in valid and timely Claim Forms after the Court grants "final approval" to the Settlement and after any and all appeals are resolved. If the Court approves the Settlement after a hearing on **[INSERT DATE]**, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from the Settlement, and you want to keep the right to sue or continue to sue the Defendant on your own about the claims released in this Settlement, then you must take steps to get out. This is called excluding yourself—or it is sometimes referred to as "opting out" of the Settlement Class.

13. **How do I get out of the Settlement?**

To exclude yourself (or "Opt-Out") from the Settlement, you must complete and mail to the Settlement Administrator a written request that includes the following:

• Your name and address;

• The name of the case: *Marino et al v. Coach, Inc. Inc.*, Lead Case Number 1:16-cv-01122-VEC (OTW);

• A statement that you want to be excluded from this Settlement; and

• Your signature. Your exclusion request must be personally signed.

You must mail your exclusion request via first-class United States Mail, postmarked no later than **[INSERT DEADLINE DATE]** to:

**[INSERT ADDRESS]**

If you do not include the required information or submit your request for exclusion on time, you will remain a Settlement Class Member and will not be able to sue the Defendant about the claims in this lawsuit.

14. **If I do not exclude myself, can I sue the Defendant for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from this Settlement Class to continue your own lawsuit. If you properly exclude yourself from the Settlement Class, you shall not be bound by any orders or judgments entered in the Action relating to the Settlement Agreement.

15. **If I exclude myself, can I still get a payment?**

No. You will not get any money from the Settlement if you exclude yourself. If you exclude yourself from the Settlement, do not send in a Claim Form asking for benefits.

## OBJECTING TO THE SETTLEMENT

16.    **How can I tell the Court if I do not like the Settlement?**

A Settlement Class Member may object to the proposed Settlement. A Settlement Class Member may object to the Settlement either on his or her own without an attorney, or through an attorney hired at his or her expense. Any objection must be in writing, signed by the Settlement Class Member (and his or her attorney, if individually represented), filed with the Court, with a copy delivered to Class Counsel and Defendant's Counsel, at the addresses set forth below, no later than **[INSERT DEADLINE DATE]**. Any objection shall contain a caption or title that identifies it as "Objection to Class Settlement in *Marino et al v. Coach, Inc. Inc.*, Lead Case Number 1:16-cv-01122-VEC (OTW)."

**The written objection must include**: (a) information sufficient to identify and contact the objecting Settlement Class Member (or his or her individually hired attorney, if any); (b) a clear and concise statement of the Settlement Class Member's objection; the date(s), time(s) and location(s) that the objector has purchased Merchandise; (c) the facts supporting the objection; a specific statement of the legal grounds on which the objection is based, including whether it applies only to the objector, to a specific subset of the class, or to the entire class; (d) the number of times in which the objector or his or her counsel has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector or his or her counsel has made such objection and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case, the identity of any former or current counsel who may be entitled to compensation for any reason related to the objection to the Agreement or fee application; (e) the number of times in which the objector's counsel or counsel's law firm have objected to a class action settlement within the five (5) years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case; (f) any and all agreements that relate to the objection or the process of objecting – whether written or verbal – between objector or objector's counsel and any other person or entity; (g) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (h) and a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing.

Your objection, along with any supporting material you wish to submit, must be filed with the Court, with a copy delivered to Class Counsel and Defendant's Counsel no later than **[INSERT DEADLINE DATE]** at the following addresses:

| Court | Class Counsel | Class Counsel |
|---|---|---|
| The United States District Court for the Southern District of New York<br>40 Foley Square<br>New York, NY 10007 | Halunen Law<br>1650 IDS Center, 80 S. 8th St.<br>Minneapolis, MN 55402 | Zimmerman Reed LLP<br>1100 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402 |
| **Class Counsel** | | |
| Kopelwiz Ostrow, P.A.<br>One West Las Olas Boulevard., Suite 500<br>Fort Lauderdale, FL 33301 | Tycko & Zavareei, LLP<br>1828 L. Street, N.W., Suite 1000<br>Washington, D.C. 20036 | Carlson Lynch, LLP<br>402 West Broadway, 29th Floor<br>San Diego, CA 92101 |
| **Defendant's Counsel** | **Defendant's Counsel** | |
| Kasowitz Benson Torres LLP<br>1633 Broadway<br>New York, NY 10019 | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, NY 10022 | |

**17.**   **What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement.  Excluding yourself from the Settlement is telling the Court that you do not want to be part of the Settlement. If you exclude yourself from the Settlement, you have no basis to object to the Settlement because it no longer affects you.

## THE LAWYERS REPRESENTING YOU

**18.**   **Do I have a lawyer in this case?**

Yes. The Court has appointed these lawyers and firms as "Class Counsel," meaning that they were appointed to represent all Settlement Class Members: Halunen Law; Zimmerman Reed LLP, Kopelowitz Ostrow, P.A., Tycko & Zavareei, LLP, and Carlson Lynch, LLP.

You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**19.**   **How will the lawyers be paid?**

Class Counsel intends to file a motion on or before **[INSERT DATE]** seeking $1,175,000.00 for attorney fees and costs. The fees and expenses awarded by the Court will be paid separate from the Settlement Fund. The Court will determine the amount of fees and expenses to award. Class Counsel will also request that the Court award $8,000 to the named Plaintiffs ($2,000.00 for each named Plaintiff) who helped Class Counsel on behalf of the whole Class.

## THE COURT'S FAIRNESS HEARING

**20.**   **When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing on **[INSERT DATE]** at the United States District Court for the Southern District of New York, before the Honorable Valerie E. Caproni, United States District Judge, in Courtroom 443, at 40 Foley Square, New York, NY 10007.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider how much to pay Class Counsel and the Class Representatives. If there are objections, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

**21.**   **Do I have to come to the hearing?**

No. Class Counsel will answer any questions that the Court may have, but you may come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed and mailed your written objection on time to the proper addresses, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**22.**   **May I speak at the hearing?**

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intent to Appear." Please refer to question 16 above for more information.

Your Notice of Intent to Appear must be filed with the Court and served on Class Counsel and Defendant's Counsel no later than **[INSERT DEADLINE DATE]**.

### IF YOU DO NOTHING

**23.    What happens if I do nothing at all?**

If you do nothing, you will not get a payment from the Settlement. Unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

**24.    How do I get more information?**

This notice summarizes the proposed Settlement. More details are in the Class Action Settlement Agreement. You can review a complete copy the Settlement Agreement and other information at the Settlement Website, [**INSERT URL**]. If you have additional questions or want to request a Claim Form, you can visit the Settlement Website, [**INSERT URL**]. You can also write to the Settlement Administrator by mail or email, or call toll-free.

**MAIL**:    [**INSERT ADDRESS**]

**EMAIL**: [**INSERT EMAIL ADDRESS**]

**PHONE**: [**INSERT TOLL FREE NUMBER**]

Updates will be posted at the Settlement Website, [**INSERT URL**], as information about the Settlement process becomes available.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE CONCERNING THIS CASE.**

# Exhibit C

## If you purchased any Coach Outlet Products, you may be eligible to receive a payment from a class action Settlement.

If you purchased any of Defendant Coach Inc.'s ("Defendant" or "COACH") outlet products that contained the phrase "MFSRP" on the tag ("Products"), you may be eligible to receive a payment from a class action settlement ("Settlement"). The lawsuit against Defendant alleges that the "MFSRP" statements on the tags of the Products are misleading because they included the price of its retail goods, creating the false impression that its outlet store merchandise was once sold in COACH's full-line retail stores and was of the same quality and workmanship as merchandise sold in COACH's full-line retail stores. Defendant denies any and all wrongdoing of any kind whatsoever and denies any liability to Plaintiffs and to the Settlement Class. The Court has not decided who is right. Both sides have agreed to settle the dispute and provide an opportunity for payments and other benefits to Settlement Class Members. The case is called *Marino et al v. Coach, Inc. Inc.*, Lead Case Number 1:16-cv-01122-VEC (OTW).

### WHO IS INCLUDED IN THE SETTLEMENT?

All persons who, from December 23, 2011 to [**DATE OF PRELIMINARY APPROVAL ORDER**], purchased one or more items from COACH's Coach-branded outlet stores in the United States offered at a discount from a "MFSRP" and which contained a MFSRP on the tag. "**Products**" means products sold in Coach-branded outlet stores in the United States offered at a discount from a "MFSRP" and which contained a MFSRP on the tag.

### WHAT DOES THE SETTLEMENT PROVIDE?

The Settlement provides for a Settlement Fund in the amount of $4,661,000 to pay (1) Eligible Claims submitted by Settlement Class Members; and (2) Notice and Claim Administration Expenses. Settlement Class Members who timely submit valid Claim Forms are entitled to receive a cash or voucher payment from the Settlement. The actual amount recovered by each Settlement Class Member will not be determined until after the Claim Period has ended and all claims have been calculated.

### WHAT ARE MY RIGHTS?

**Submit a Claim Form.** If you wish to participate in the Settlement and be eligible to receive benefits under the Settlement, you <u>must</u> fill out and submit a Claim Form by [**INSERT DEADLINE DATE**]. You can obtain a Claim Form by (1) Visiting the Settlement Website, [**INSERT URL**], where you can file your claim online or print a Claim Form to submit by mail; (2) Mailing a written request for a Claim Form to the Settlement Administrator: [**INSERT ADDRESS**]; or (3) E-mailing the Settlement Administrator at [**INSERT EMAIL ADDRESS**]. If you do not timely submit a valid Claim Form and do not exclude yourself from the Settlement, you will be bound by the Settlement but will not receive any benefits of the Settlement.

**Object to the Settlement**. If you do not agree with the Settlement or any part of it, you may submit a written objection to the Court. The deadline for submitting an objection is [**INSERT DEADLINE DATE**].

**"Opt Out" or Exclude Yourself from the Settlement**. If you do not want a payment from the Settlement, and you want to keep the right to sue or continue to sue the Defendant on your own about the claims released in this Settlement, you must exclude yourself by [**INSERT DEADLINE DATE**], or you give up any right to sue the Defendant for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. If you exclude yourself, you cannot get money from this Settlement. The Class Notice, available at [**INSERT URL**], explains how to exclude yourself or object. If you do nothing, you will be bound by the Court's decisions.

### THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing on [**INSERT DATE AND TIME**] to consider whether to approve the Settlement, Class Counsel's request for Attorneys' Fees and Expenses of up to $1,175,000.00, and an Incentive Award for the Plaintiffs of $8,000. The Attorneys' Fees and Expenses and Incentive Awards awarded by the Court will not be paid from the Settlement Fund. You or your own lawyer may appear and speak at the hearing at your own expense.

**FOR MORE INFORMATION**
**Call Toll-Free [INSERT TOLL FREE NUMBER] or visit [INSERT URL]**

# Exhibit D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHELLE MARINO, DEBORAH ESPARZA, MONICA RAEL, and CERA HINKEY, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>COACH, INC.,<br><br>        Defendant. | CASE NO.:<br>1:16-cv-01122-VEC (OTW) (Lead)<br><br>Consolidated Member Case Nos.:<br>1:16-cv-03773-VEC (OTW)<br>1:16-cv-03677-VEC (OTW)<br>1:16-cv-05320-VEC (OTW) |

**DECLARATION OF LEIGH MANHEIM**

I, Leigh Manheim, declare as follows:

1.  I am currently the General Manager for the Coach brand's North America outlet stores.  I am an employee of Tapestry, Inc., formerly known as Coach, Inc., ("Tapestry") and am authorized to submit this declaration on behalf of Tapestry.

2.  I submit this Declaration in connection with the Settlement Agreement entered into between the parties to the above-captioned litigation.

3.  The Settlement Agreement refers to the fact that Settlement Class Members (as defined in the Settlement Agreement) who elect to receive a Voucher (as defined in the Settlement Agreement) or, as may be applicable, Vouchers, may redeem the Voucher(s) for available Merchandise (as defined in the Settlement Agreement) at Coach-branded outlet stores in the United States.

4.  In accordance with Section 3.4 of the Settlement Agreement, during the 12-month period that Vouchers can be redeemed (as defined by the Settlement Agreement), Coach-branded outlet stores in the United States will have at least 50 skus of Merchandise available for purchase at final price (including sales tax, if applicable) of $20.00 or less prior to applying the Vouchers.

5.  I declare under penalty of perjury that the forgoing is true and correct.


Executed this 7 day of October, 2019, at New York, New York.

LEIGH MANHEIM

County/City of _New York_
Commonwealth/State of _New York_
The foregoing instrument was subscribed and
sworn before me this _7_ day of _October, 2019_
by _Leigh Manheim_
(name of person seeking acknowledgement)
_Carolin E de Rooy_
Notary Public
My Commission Expires:

CAROLINE E. DE ROOY
NOTARY PUBLIC STATE OF NEW YORK
No. 01DE6119688
Qualified In New York County
My Commission Expires 12-06-2020