**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHELLE MARINO, DEBORAH ESPARZA, MONICA RAEL, and CERA HINKEY, on behalf of themselves and all others similarly situated, | CASE NO.: 1:16-cv-01122-VEC (OTW) (Lead) |
| Plaintiffs, | Consolidated Member Case Nos.: 1:16-cv-03773-VEC (OTW) 1:16-cv-03677-VEC (OTW) 1:16-cv-05320-VEC (OTW) |
| v. | |
| COACH, INC. | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ATTORNEY FEES, EXPENSES, AND INCENTIVE AWARDS**

## TABLE OF CONTENTS

INTRODUCTION ......................................................................................................... 1

I.     Class Counsel Vigorously Prosecuted Plaintiffs' and the Class's Claims........................... 1

II.    The Settlement Provides Significant Benefits to the Settlement Class................................ 3

ARGUMENT ................................................................................................................ 4

I.     Class Counsel's Request for Attorneys' Fees and Costs Is Reasonable and Should Be Approved................................................................................................ 4

     A.     Legal Standard .................................................................................... 4

     B.     The Percentage of the Fund Method Should Be Applied Here. ........................... 5

     C.     The *Goldberg* Factors Support the Reasonableness of Counsel's Requested Fee.. 6

          1.     Class Counsel's Time and Labor ................................................. 6

          2.     The Litigation's Magnitude and Complexity................................. 7

          3.     The Risks of Litigation ............................................................ 8

          4.     Quality of Representation ......................................................... 9

          5.     The Fee Is Reasonable in Relation to the Settlement ............................... 10

          6.     Public Policy Consideration...................................................... 11

II.    The Lodestar Cross-Check Further Supports an Award to Class Counsel of One-Third of the Settlement Fund ........................................................................................ 12

III.   The Expenses Incurred Are Reasonable and Necessarily Incurred to Achieve the Benefit Obtained on Behalf of the Class........................................................................ 14

IV.   The Requested Service Awards for Class Representatives Are Reasonable and Should Be Approved. ...................................................................................................... 15

CONCLUSION............................................................................................................. 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bellifemine v. Sanofi-Aventis U.S. LLC*, No. 07-cv-2207 (JGK),
    2010 WL 31193374 (S.D.N.Y. Aug. 6, 2010)..........................................................................15

*Board of Trs. Of AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*,
    No. 09 Civ. 686 (SAS), 2012 WL 2064907 (S.D.N.Y. June 7, 2012).......................................5

*Boeing Co. v. Van Gemert*,
    444 U.S. 472 (1980).................................................................................................................4

*Capsolas v. Pasta Res., Inc.*,
    No. 10-cv-5595 (RLE), 2012 WL 4760910 (S.D.N.Y. Oct. 5, 2012) .....................................10

*City of Providence v. Aeropostale, Inc.*,
    No. 11 Civ. 7132 (CM), 2014 WL 1883494 (S.D.N.Y. May 9, 2014)..................................7, 8

*Cohan v. Columbia Sussex Mgmt., LLC*,
    *C*V 12-3203, 2018 WL 48613913 (E.D.N.Y. Sept. 28, 2018)................................................7, 9

*Fleisher v. Phoenix Life Ins. Co.*,
    Nos. 11-cv-8405, 2014 WL 108478814 (S.D.N.Y. Sept. 9, 2015)...........................................5

*Fleisher Phoenix Life Ins. Co.*,
    2015 WL 10847814 (S.D.N.Y. Sept. 9, 2015)...................................................................8, 11

*Frank v. Eastman Kodak Co.*,
    228 F.R.D. 174 (W.D.N.Y. 2005)..........................................................................................16

*Gilliam v. Addicts Rehab. Center. Fund*,
    No. 05 Civ. 3452 (RLE), 2008 WL 782596 (S.D.N.Y. Mar. 24, 2008) .................................10

*Goldberger v. Integrated Res., Inc.*,
    209 F.3d 43 (2d Cir. 2000)............................................................................................passim

*Grice v. Pepsi Beverages Co.*,
    363 F. Supp. 3d 401 (S.D.N.Y. 2019)....................................................................................12

*Guevoura Fund Ltd. v. Sillerman*,
    No. 1:15-cv-07192-CM, 2019 WL 6889901 (S.D.N.Y. Dec. 18, 2019) .................................15

*Guippone v. BH S&B Holdings LLC*,
    No. 09 Civ. 01029, 2016 WL 5811888 (S.D.N.Y. Sept. 23, 2016)...................................16, 17

*Henry v. Little Mint, Inc.*,
 No. 12 Civ. 3996, 2014 WL 2199427 (S.D.N.Y. May 23, 2014)..............................................17

*Hicks v. Morgan Stanley*,
 No. 01 Civ. 10071 (RJH), 2005 WL 2757792 (S.D.N.Y. Oct. 24, 2005)...............................11

*In re AOL Time Warner ERISA Litig.*,
 No. 02-cv-8853, 2007 WL 3145111 (S.D.N.Y. Oct. 26, 2007)...............................................15

*In re Bear Stearns Cos. Sec. Derivative & ERISA Litig.*,
 909 F. Supp. 2d 259 (S.D.N.Y. 2012).......................................................................................14

*In re Colgate-Palmolive Co. ERISA Litig.*,
 36 F. Supp. 3d 344 (S.D.N.Y. 2014)...........................................................................................5

*In re EVCI Career Colleges. Holding Corp. Secs. Litig.*,
 Nos. 05 Civ. 10240 (CM), 2007 WL 2230177 n.6 (S.D.N.Y. July 27, 2007)...................12, 13

*In re Global Crossing Sec. & ERISA Litig.*,
 225 F.R.D. 436 (S.D.N.Y. 2004) ..........................................................................................9, 15

*In re Hi-Crush Partners Secs. Litig.*, 12-Civ-8557 (CM),
 2014 WL 7323417 (S.D.N.Y. Dec. 19, 2014) ...........................................................................13

*In re Marsh ERISA Litig.*,
 265 F.R.D. 128 (S.D.N.Y. 2010) .........................................................................................5, 10

*In re Merrill Lynch Tyco Res. Sec. Litig.*,
 249 F.R.D. 124 (S.D.N.Y. 2008) ..............................................................................................14

*In re Online DVD-Rental Antitrust Litig.*,
 779 F.3d 934 (9th Cir. 2015) .....................................................................................................10

*In re Platinum & Palladium Commodities Litig.*,
 No. 10cv3617, 2015 WL 4560206 (S.D.N.Y. July 7, 2015) ....................................................13

*In re Sumitomo Copper Litig.*,
 189 F.R.D. 274 (S.D.N.Y. 1999) .................................................................................................7

*In re Telik, Inc. Secs. Litig.*,
 576 F. Supp. 2d 570 ......................................................................................................................5

*In re Veeco Instruments Inc. Secs. Litig.*,
 No. 05 MDL 01695, 2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007).........................................13

*In re: General Motors LLC Ignition Switch Litig.*,
No. 12-MD02543 (JMF), 2020 WL 7481292 (S.D.N.Y. Dec. 18, 2020)................................ 16

*LeBlanc-Sternberg v. Fletcher*,
143 F.3d 748 (2d Cir. 1998)................................................................................. 14

*Luciano v. Olsen Corp.*,
109 F.3d 111 (2d Cir. 1997)................................................................................. 13

*Maley v. Del Global Tech. Corp.*,
186 F. Supp. 2d 358 (S.D.N.Y. 2002)..................................................................... 5

*Missouri v. Jenkins by Agyei*,
491 U.S. 274 (1989)............................................................................................ 13

*Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar*,
No. 06 Civ. 4270 (PAC), 2009 WL 5851465 (S.D.N.Y. Mar. 31, 2009) ..................... 5, 10, 11

*Ravina v. Columbia Univ.*,
No. 16-cv-2137, 2020 WL 1080780 (S.D.N.Y. March 6, 2020) ........................................ 13, 14

*Reibstein v. Rite Aid Corp.*,
761 F. Supp. 2d 241 (E.D. Pa. 2011) .................................................................... 10

*Reichman v. Bonsignore, Brignati & Mazzotta P.C.*,
818 F.2d 278 (2d Cir. 1987)................................................................................. 14

*Rodriguez v. It's Just Lunch Int'l*,
No. 07-cv-09227, 2020 WL 1030983 (S.D.N.Y. Mar. 2, 2020)................................ 16

*Rudman v. CHC Grp. Ltd.*, 15-cv-3773 (LAK),
2018 WL 3594828 (S.D.N.Y. July 24, 2018) ........................................................ 13

*Scott v. City of New York*,
643 F.3d 567 (2d Cir. 2011 ................................................................................... 6

*Sewell v. Bovis Lend Lease, Inc.*,
No. 09 Civ. 6548 (RLE), 2012 WL 1320124 (S.D.N.Y. Apr. 16, 2012)................................ 10

*Strougo ex rel Brazilian Equity Fund, Inc. v. Bassini*,
258 F. Supp. 2d 254 (S.D.N.Y. 2003)..................................................................... 11

*Velez v. Novartis Pharm. Corp*,
No. 04 Civ. 09194, 2010 WL 4877852 (S.D.N.Y. Nov. 30, 2010) ........................... 5

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
   396 F.3d 96 (2d Cir. 2005)......................................................................................... 4

*Woburn Ret. Sys. v. Salix Pharm., Ltd.*,
   No. 14-cv-8925 (KMW), 2017 WL 3579892 (S.D.N.Y. Aug. 18, 2017)................................ 13

*Zeltser v. Merrill Lynch & Co. Inc.*,
   No. 13 Civ. 1531 (FM), 2014 WL 4816134 (S.D.N.Y. Sept. 23, 2014).................................. 10

## INTRODUCTION

Plaintiffs, by and through Court-appointed Settlement Class Counsel David Cialkowski of Zimmerman Reed LLP, Todd Carpenter of Carlson Lynch LLP, Jeff Ostrow of Kopelowitz Ostrow, P.A., Andrea Gold of Tycko & Zavareei LLP, and Charles Moore of Halunen Law ("Settlement Class Counsel")[1], respectfully move the Court to: (1) award attorneys' fees and reimbursement of expenses in the amount of $1,175,000.00; and (2) award Plaintiffs Marino, Esparza, Rael, and Hinkey service Awards of $2,000.00 each, totaling $8,000.00. These awards are reasonable under all applicable standards.

The standard for evaluating a request for attorneys' fees and expenses is reasonableness. In evaluating the reasonableness of an attorneys' fee request, courts in the Second Circuit employ the percentage of the fund method with a lodestar-multiplier cross check. Under this analytical framework, Class Counsel's request for attorneys' fees and reimbursement of expenses is fair, reasonable, and supported by precedent from this Circuit. Counsel seek only 25% of the Settlement Fund, representing a fraction of their actual lodestar, and below the 30% commonly awarded in this district.

## I.     Class Counsel Vigorously Prosecuted Plaintiffs' and the Class's Claims

On October 13, 2016, Plaintiffs Michele Marino, Deborah Esparza, Monica Rael, and Cera Hinkey filed a consolidated class action complaint on behalf of themselves and similarly situated consumers based on Coach's purported deceptive pricing of merchandise sold in Coach-branded outlets. (Dkt. 37). On November 22, 2016, Coach filed a motion to dismiss. (Dkt. 40). On August 28, 2017, the Court granted Coach's motion to dismiss Plaintiffs' claim for injunctive relief with prejudice after finding that Plaintiffs did not allege any actual or imminent risk of future harm. The

---

[1] All capitalized terms used herein have the same meanings as those used in the Settlement Agreement.

Court also dismissed Plaintiffs' claims for common law fraud, unjust enrichment, breach of express warranty, and violations of the New Hampshire Consumer Protection Act, without prejudice. Shortly thereafter, Plaintiffs filed the First Amended Consolidated Class Action Complaint on September 19, 2017. (Dkt. 70).

Plaintiffs' First Amended Complaint alleges that Coach misrepresented regular or original prices on certain products in an attempt to create an illusion of extreme "savings." *Id*. Plaintiffs further alleged that they were injured under New York and New Hampshire law because Coach's use of the phrase "Manufacturer's Suggest Retail Price" to describe the price of its outlet products created a false impression that its outlet goods were once sold at its retail stores and were of the same quality and workmanship as Coach's retail store products. On October 23, 2017, Coach filed a second motion to dismiss, which the Court denied in part and granted in part. (Dkt. 74). The Court granted Coach's motion to dismiss Plaintiffs' claim for breach of express warranty but denied Coach's motion to dismiss Plaintiffs' consumer protection claims, common law fraud claims, and unjust enrichment claims. (Dkt. 83).

Following that motion practice, the parties engaged in informal discovery which involved extensive information and documents on Coach's sales, pricing, and profit-and-loss information. After exchanging information, the parties agreed to mediate claims before the Honorable Magistrate Judge Wang. Prior to mediation, the parties prepared confidential submissions to the Court. On December 18, 2018, the parties attended a full-day-in-person mediation and were unable to reach a settlement but agreed to engage in arms-length settlement discussion. After ten months of negotiations, the parties reached a settlement agreement.

II.     **The Settlement Provides Significant Benefits to the Settlement Class**

On July 20, 2020, Class Counsel and Coach executed the final Settlement Agreement in whereby Coach agreed to pay $4,661,000.00. (Joint Decl. ¶¶3, 18). Under the Settlement Agreement, Settlement Class Members can either elect a cash award or a voucher award. *Id*.; (Dkt. No. 94-3.) Under the cash award, Coach must pay up to $500,000 in cash for payments to the Settlement Class Members who select to receive a cash. Joint Decl. ¶18. The Settlement Fund is non-revisionary, and therefore, if any amounts remain in the Settlement Fund, the cash and Voucher amount due to each valid Claimant shall be proportionally increased on a *pro rata* basis. Should there be remaining funds due to any issued checks not being cashed,  the parties will jointly propose a *cy pres* recipient to the Court and will move the Court to have any remaining cash paid to the *cy pres* recipient. Joint Decl. ¶4. As for the voucher award, Coach agreed to provide vouchers valued at $3,840,000.00 to Settlement Class Members who elect to receive vouchers. Joint Decl. ¶18. Additionally, under the Settlement Agreement, Class Counsel may request that the Court award attorneys' fees and expenses not to exceed $1,175,000 and service awards in the amount of $2,000 for each named Plaintiff. Joint Decl, ¶¶29, 30.  COACH has agreed to pay these amounts over and above the Settlement Fund. (Dkt. No. 94-3.)

In addition to significant monetary relief, the Settlement provides valuable non-monetary relief for consumers. (Joint Decl. ¶¶3, 19). Coach has agreed to implement certain injunctive relief and prospective relief to ensure that its pricing practices conform with state and federal laws regarding price comparison advertising. *Id*. Specifically, Coach will train its outlet employees to facilitate compliance with state and federal laws at a minimum of one time per year for three years. *Id*. The Settlement represents a significant recovery for the Settlement Class.

# ARGUMENT

I. **Class Counsel's Request for Attorneys' Fees and Costs Is Reasonable and Should Be Approved.**

   A. **Legal Standard**

Class Counsel requests a reasonable fee based on the results obtained for the Settlement Class and the length and complexity of this litigation. The propriety of awarding attorneys' fees based on a percentage of the common fund is well established. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole"); *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000) ("the attorneys whose efforts created the [common] fund are entitled to a reasonable fee—set by the court —to be taken from the fund").

In the Second Circuit, either the lodestar or percentage of the recovery methods may be used to calculate fees in common fund cases. *Id.* at 50. However, "[t]he trend in this Circuit is toward the percentage method, which directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). Here, Class Counsel seeks to recover about 25% of the common fund in fees and expenses. This recovery falls well within the range of reasonable fees approved by courts in this Circuit in complex Rule 23 cases such as this. Under Second Circuit precedent, the Court could approve the requested fee as reasonable with no further inquiry. The Court should consider the *Goldberger* factors as well as conduct a lodestar "cross-check" to determine the reasonableness of the requested fee award. *Wal-Mart Stores, Inc.*, 396 F.3d at 121-23. Under any applicable standard, Class Counsel's proposed fee is reasonable.

**B.      The Percentage of the Fund Method Should Be Applied Here.**

Class Counsel respectfully submits that the Court should award a fee based on a percentage of the common fund obtained. Courts in the Second Circuit have recently favored the percentage of the fund method, since the "lodestar method proved vexing" and results in "inevitable waste of judicial resources. *Id*. at 48-50; *Fleisher v. Phoenix Life Ins. Co.*, Nos. 11-cv-8405, 2014 WL 108478814, at *14 (S.D.N.Y. Sept. 9, 2015) ("[T]he percentage method continues to be the trend of district courts in this Circuit and has been adopted in the vast majority of circuits.") (alternation in the original).

Here, Class Counsel's requested attorneys' fees, which amounts to about 25% of the fund, is fair and reasonable under the percentage method. Indeed, "[d]istrict courts in the Second Circuit routinely award attorneys' fees in class cases that are 30 percent or greater." *Velez v. Novartis Pharm. Corp*, No. 04 Civ. 09194, 2010 WL 4877852, at *21 (S.D.N.Y. Nov. 30, 2010); *In re Marsh ERISA Litig.*, 265 F.R.D. 128, 149 (S.D.N.Y. 2010) (noting trend of awarding 20-50 percent of the fund in class actions); *Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar*, No. 06 Civ. 4270 (PAC), 2009 WL 5851465, at *5 (S.D.N.Y. Mar. 31, 2009) (collecting cases awarding over 30% and noting that "Class Counsel's request for 33% of the Settlement Fund is typical in class action settlements in the Second Circuit."); *Maley v. Del Global Tech. Corp.*, 186 F. Supp. 2d 358, 370-71 (S.D.N.Y. 2002) (awarding 33.333% as fair and reasonable); *In re Colgate-Palmolive Co. ERISA Litig.*, 36 F. Supp. 3d 344, 353 (S.D.N.Y. 2014) (finding that a 25% is reasonable); *Board of Trs. Of AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, No. 09 Civ. 686 (SAS), 2012 WL 2064907, at *7 (S.D.N.Y. June 7, 2012) (finding that a fee of 25% is reasonable); *In re Telik, Inc. Secs. Litig.*, 576 F. Supp. 2d 570, at 587 (awarding a 25% fee and collecting cases awarding fees of 30 percent or higher). Given that Class Counsel is requesting 25% of the

Settlement Fund, instead of the routinely awarded 30 percent, this Court should find the requested fee as reasonable.

C.     The *Goldberg* Factors Support the Reasonableness of Counsel's Requested Fee.

In evaluating the reasonableness of Class Counsel's requested fee award, the Second Circuit has directed courts to consider six factors: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of the representation; (5) the requested fee in relation to the Settlement; and (6) public policy considerations. *Goldberger*, 209 F.3d at 50.  All of these considerations weigh in favor of allowing Class Counsel to recover their requested fee in this case.

1.     Class Counsel's Time and Labor

Class Counsel have litigated this case since 2016, and the time they dedicated to this litigation supports their requested fee. Class Counsel and additional counsel who have contributed to the case have submitted declarations showing that they dedicated over 2,900 hours to this case. *See* Carpenter Decl. ¶5; Cialkowski Decl. ¶9; Gold Decl. ¶11; Moore Decl. ¶10; Ostrow Decl. ¶10; LaDuca Decl. ¶6. Lambert Decl. ¶5 .These hours were documented contemporaneously, and detailed, task-based itemized statements for each firm are available upon request for the Court's *in camera* review.  *See Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011) (requiring contemporaneous time records). These hours reflect the time and labor that Class Counsel devoted to this case without any guarantee of recovery.  Counsel spent time investigating cases, drafting the initial complaints and the consolidated class action complaint, defending against Coach's motions to dismiss, amending the consolidated class action complaint, reviewing the information and documents produced by Coach, engaging in informal discovery and numerous meet and confers, preparing for and participating in a full-day mediation, followed by more than ten months

6

of negotiations with counsel for Coach, drafting the Settlement Agreement, developing the notice plan with Angeion, and preparing preliminary approval motion papers. Moreover, Class Counsel will incur additional, uncompensated time briefing the final approval motion and finalizing and administering the Settlement. *See Cohan v. Columbia Sussex Mgmt., LLC*, CV 12-3203, 2018 WL 4861391, at *3 (E.D.N.Y. Sept. 28, 2018) (noting the requested fees were meant to compensate counsel for time spent administering the settlement in the future). Also, since Class Counsel's cumulative lodestar exceeds the percentage of the fund requested, the fee request is reasonable in relation to the time and effort that Counsel expended in the course of this litigation.

### 2.      The Litigation's Magnitude and Complexity

The second *Goldberger* factor, which addresses "the magnitude and complexities of the litigation," also supports approval of the requested fee. *Goldberger*, 209 F.3d at 50. "[C]lass action suits in general have a well-deserved reputation as being most complex." *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 281 (S.D.N.Y. 1999). This case was no exception. For example, Class Counsel was required to evaluate various state consumer protections laws in an attempt to establish Coach's deceptive and misleading price scheme on behalf of a nationwide class, California class, and alternatively a multistate class. Class Counsel also had to defend against two motions to dismiss. (Dkt. Nos. 40, 74), and review extensive information and documents produced by Coach relating to its sales, pricing, and profit-and-loss information. If the litigation had not settled, Class Counsel would have likely faced staunch opposition to class certification as well as issues establishing liability, causation, and damages.

Furthermore, to build Plaintiffs' case, Class Counsel would have to work extensively with an expert to analyze documents produced by Coach concerning its sales and pricing practices and its effect on consumers. *See City of Providence v. Aeropostale, Inc.*, No. 11 Civ. 7132 (CM), 2014 WL 1883494, at *16 (S.D.N.Y. May 9, 2014) (finding the second *Goldberger* factor to favor

settlement where cases involved "difficult, complex, hotly-disputed and expert-intensive issues");
*Fleisher*, 2015 WL 10847814, at *20 (S.D.N.Y. Sept. 9, 2015) (awarding one-third fees, in part, due to the complexity of issues that required expert analysis). The magnitude and complexities of this case therefore weigh in favor of approving Class Counsel's requested award.

### 3.    The Risks of Litigation

The risks of litigation here were substantial and should weigh in favor of the reasonableness of the requested award. Settlement Class Counsel has investigated and prosecuted this case for almost five years and has taken on the risk that they would not ultimately recover for their time and effort. Although counsel believe Plaintiffs have a compelling case, Coach has denied, and continues to deny that its practices violate the laws at issues in the suit and has asserted numerous defenses to Plaintiffs' claims. In similar deceptive pricing cases across the country, defendants have argued that the comparative discount pricing language contained on the price tags at issue would not lead a reasonable consumer to believe that the product at issue was previously sold at a higher price. Therefore, defendants are not in violations of the state consumer protection statutes for making an unlawful price comparison. The issue of whether consumers would be deceived by Coach's use of "MSRP" labeling on its outlet products presents a significant obstacle for Plaintiffs to overcome in order to move forward with the prosecution of their case. Even if Plaintiffs were to succeed in proving consumer deception based on Coach's labeling practices, there is the possibility that the Court would not certify a nationwide class. There is also the risk that even if Plaintiffs were able to get the class certified, they risk a jury finding against them as to the liability and damages sought. Furthermore, the fact that it took a full day of in person mediation followed by six months of negotiations by the parties to arrive at a resolution demonstrates that this case not easily resolvable and that success was not guaranteed.

### 4.      Quality of Representation

In determining the quality of representation, courts may rely on their own observations and review the backgrounds of the lawyers involved in the lawsuit. *Cohan*, 2018 WL 4861391, at *4. Here, Class Counsel have demonstrated that they are qualified and experienced advocates and have been able to vigorously conduct this litigation on behalf of the Settlement Class. Todd Carpenter of Carlson Lynch LLP, David Cialkowski of Zimmerman Reed LLP, Andrea Gold of Tycko & Zavareei LLP, Charles Moore of Halunen Law, Jeff Ostrow of Kopelowitz Ostrow, P.A., and Charles LaDuca of Cuneo Gilbert & LaDuca, LLP, all have extensive and particular experience handling complex civil litigation and class action litigation and have served as Class Counsel in similar cases. Carpenter Decl. ¶¶10-14; Cialkowski Decl. ¶3; Gold Decl. ¶¶6-9; Moore Decl. ¶¶6-9; Ostrow Decl. ¶¶6-9;  LaDuca Decl. ¶5. Lambert Decl. ¶3.These declarations put forth by Class Counsel also demonstrate that they are highly regarded in their local legal communities and across the country for their work in class action litigation.

Additionally, the quality of the legal representation "is best measured by results," obtained on behalf of the Settlement Class. *Goldberger*, 209 F.3d at 55. In this case, Class Counsel efficiently applied their skills and experience to obtain relief for the Settlement Class. Each class member who submits a valid and timely claim will receive either a cash award or a voucher to be redeemed for merchandise. The vouchers account for the majority of the Settlement Fund, amounting to $3,840,000, are the equivalent of cash inside Coach outlet stores, and are to be issued relatively quickly upon the effective date. *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 467 (S.D.N.Y. 2004) ("an indication of the quality of the result achieved is the fact that the settlement will provide compensation to the [victims] expeditiously."). The vouchers are not discount coupons and do not require Class Members to "pay to play." Rather, Coach's General Manager for its outlet stores attested to the fact that stores will have "at least 50 skus of

Merchandise available for purchase at final price (including sales tax, if applicable) of $20.00 or less prior to applying the Vouchers." [Decl. Of Leigh Manheim, Oct. 7, 2019.]; *see In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 950-51 (9th Cir. 2015) (finding $12 gift cards to class members is not a "coupon settlement" where class members can choose from a large of items to purchase without spending their own money); *Reibstein v. Rite Aid Corp.*, 761 F. Supp. 2d 241, 255-56 (E.D. Pa. 2011) (holding that $20 store gift cards which can be used to purchase thousands of products are more like cash than coupons). The results achieved, coupled with Class Counsel's extensive experience in class action litigation demonstrate that the Settlement Class received excellent quality of representation over the course of four years.

### 5.    The Fee Is Reasonable in Relation to the Settlement

Class Counsel's request for fees and expenses amounts to 25% of the Settlement Fund which Coach has agreed to pay in addition to the Settlement. The request is thus "fair and reasonable in relation to the recovery and compares favorably to fee awards in other risky common fund cases in this Circuit and elsewhere." *In re Marsh ERISA Litig.*, 265 F.R.D. at 149. Indeed, courts in the Southern District have frequently held that awarding fees in excess of 33% of the common fund is reasonable and in line with class action fee awards in this circuit. *See, e.g., Gilliam v. Addicts Rehab. Center. Fund*, No. 05 Civ. 3452 (RLE), 2008 WL 782596, at *5 (S.D.N.Y. Mar. 24, 2008) (holding that Class Counsel's request for one-third of the fund is reasonable and "consistent with the norms of class litigation in this circuit.") (citations omitted); *Capsolas v. Pasta Res., Inc.*, No. 10-cv-5595 (RLE), 2012 WL 4760910 at *8 (S.D.N.Y. Oct. 5, 2012) (granting motion for one-third of the settlement fund); *Zeltser v. Merrill Lynch & Co. Inc.*, No. 13 Civ. 1531 (FM), 2014 WL 4816134, at *1, 8 (S.D.N.Y. Sept. 23, 2014) (awarding one-third of $6.9 million settlement fund); *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548 (RLE), 2012 WL 1320124, at *10-11 (S.D.N.Y. Apr. 16, 2012) (awarding one-third of $2.35 million settlement); *Mohney*,

2009 WL 5851465, at *4-5 (S.D.N.Y Mar. 31, 2009) (awarding 33% of the settlement fund); *Strougo ex rel Brazilian Equity Fund, Inc. v. Bassini*, 258 F. Supp. 2d 254, 262 (S.D.N.Y. 2003) ("a fee of 33 1/3% of the settlement fund is reasonable") (collecting cases). Furthermore, because Coach has agreed to pay the fees separately, the Settlement Class does not have to pay for counsel's requested fees out of the fund itself. Given that Class Counsel's proposed fee of 25% of the settlement is considerably less than fees regularly awarded in similar common fund cases, the factor weighs in favor of granting the requested fees.

### 6.      Public Policy Consideration

The requested fee furthers the public policy goal of "providing lawyers with sufficient incentive to bring common fund cases that serve the public interest." *Goldberger*, 209 F.3d at 51. The public policy interest is well served by this litigation, which sought to hold Coach accountable for its use of the phrase "Manufacturer's Suggested Retail Price" to describe the price of its outlet products, which allegedly creates the false impression that its outlet store merchandise was of the same quality and workmanship as merchandise sold at Coach's retail stores and allegedly portrayed an illusory discount, driving sales. A necessary component of encouraging attorneys to undertake the risk of bringing actions, such as this, is adequate compensation. *See Fleisher*, 2015 WL 10847814, at *2 ("Public policy considerations strongly favor incentivizing skilled private attorneys to undertake this type of litigation, especially since the action is on behalf of small claimants who lack the financial incentive to obtain a recovery on their own behalf."); *Hicks v. Morgan Stanley*, No. 01 Civ. 10071 (RJH), 2005 WL 2757792, at *9 (S.D.N.Y. Oct. 24, 2005) ("To make certain that the public is represented by talented and experienced trial counsel, the remuneration should be both faith and rewarding.").

Accordingly, the percentage of the fund would compensate Class Counsel for the benefits the settlement has conferred on the public, the substantial investment of time and money they

devoted to litigating this case and securing the settlement, as well as the risks Class Counsel undertook in prosecuting the litigation, including the contingent nature of their representation.

## II. The Lodestar Cross-Check Further Supports an Award to Class Counsel of One-Third of the Settlement Fund

The Second Circuit has recognized the value, in some cases, of conducting a lodestar cross-check when assessing the reasonableness of a percentage fee award. *Goldberger*, 209 F.3d at 50. When the lodestar method is used as a "cross-check," the district court need not exhaustively scrutinize counsel's hours. *Id*. In employing the lodestar cross-check, courts multiply the hours reasonably expended on the case by an appropriate hourly rate. *Id.* at 47; *Grice v. Pepsi Beverages Co.*, 363 F. Supp. 3d 401, 406 (S.D.N.Y. 2019) (employing a cross-check and noting the "Second Circuit encourages the practice of requiring documentation of hours as a cross check on the reasonableness of the requested percentage") (alteration in original). The time and labor spent by Class Counsel supports the requested fee. Class Counsel have been diligently pursuing this litigation since 2016 and have spent thousands of hours developing Plaintiffs' case against Coach. During this time, Class Counsel lawyers and their professional staff have devoted over 2,900 hours of service generating $1,476,867.25 in fees for the zealous prosecution of this case. Cialkowski Decl. ¶23. The hours spent by Class Counsel in this litigation were calculated from daily time records consistently and contemporaneously maintained by Class Counsel lawyers and professional staff throughout the entirety of this litigation. Cialkowski Decl. ¶ 21. Furthermore, all time spent on this litigation was necessary and duplication was rigorously avoided to the extent practicable. *Id*.

In conducting a lodestar analysis, the appropriate hourly rates to use are those rates that are "normally charged in the community where the counsel practices, *i.e.*, the market rate." *In re EVCI Career Colleges. Holding Corp. Secs. Litig.*, Nos. 05 Civ. 10240 (CM), 2007 WL 2230177, at *17

n.6 (S.D.N.Y. July 27, 2007); *Luciano v. Olsen Corp.*, 109 F.3d 111, 115 (2d Cir. 1997) (noting that the lodestar figure should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation") (alteration in original). The rates charged here by Class Counsel fall within the range of prevailing rates in this District. *See, e.g. Woburn Ret. Sys. v. Salix Pharm., Ltd.*, No. 14-cv-8925 (KMW), 2017 WL 3579892, at *5 (S.D.N.Y. Aug. 18, 2017) (approving hourly rates up to $995 for partners); *In re Hi-Crush Partners Secs. Litig.*, 12-Civ-8557 (CM), 2014 WL 7323417, at *14 (S.D.N.Y. Dec. 19, 2014) (approving billing rates ranging from $425 to $825 per hour for attorneys); *Rudman v. CHC Grp. Ltd.*, 15-cv-3773 (LAK), 2018 WL 3594828, at *3 (S.D.N.Y. July 24, 2018) (finding hourly rates ranging from $210 to $985 to be appropriate class counsel); *In re Platinum & Palladium Commodities Litig.*, No. 10cv3617, 2015 WL 4560206, at *3-4 (S.D.N.Y. July 7, 2015) (approving hourly rates ranging from $250 to $950). Moreover, Class Counsel's rates are not only similar to rates approved in this District but have been approved in numerous other cases in various forums and are thus reasonable for this case. Cialkowski Decl. ¶6.

Next, the lodestar was calculated by multiplying Class Counsel's hours by their current hourly rates. The use of current hourly rates has been approved by the Supreme Court and courts in this Circuit to calculate the base lodestar figure as a means of compensating for the delay in receiving payment, inflation, and the loss of interest. *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 284 (1989); *In re Veeco Instruments Inc. Secs. Litig.*, No. 05 MDL 01695, 2007 WL 4115808, at *9 (S.D.N.Y. Nov. 7, 2007) (using current rates to calculate the lodestar as a means of "accounting for the delay in payment inherent in class actions and for inflation"); *In re Hi-Crush Partners*, 2014 WL 7323417, at *15 (S.D.N.Y. Dec. 19, 2014) (using current rates to calculate the lodestar figure); *Ravina v. Columbia Univ.*, No. 16-cv-2137, 2020 WL 1080780, at *7 (S.D.N.Y.

March 6, 2020) (rejecting defendant's argument that it would be improper to calculate the lodestar using current hourly rates).

Finally, Class Counsel has devoted over 2,900 hours of attorney and professional staff support time to this litigation. Based on these hours, Class Counsel's lodestar is $1,603,003.50. Cialkowski Decl. ¶23. Therefore, the 25% fee request represents a negative "multiplier" of 0.71 on the lodestar value of the time that Class Counsel dedicated to this litigation. Cialkowski Decl. ¶21. *See, e.g., In re Bear Stearns Cos. Sec. Derivative & ERISA Litig.*, 909 F. Supp. 2d 259, 271 (S.D.N.Y. 2012) (approving requested fee with a negative multiplier and noting that the negative multiplier was a "strong indication of the reasonableness of the proposed fee").

In sum, Class Counsel's requested fee award is reasonably justified and within the range of what courts in this Circuit regularly award in class actions such as this one, whether calculated as a percentage of the fund or as a cross-check on Counsel's lodestar.

**III.  The Expenses Incurred Are Reasonable and Necessarily Incurred to Achieve the Benefit Obtained on Behalf of the Class.**

Class Counsel also respectfully requests that the Court award reimbursement of $28,219.74 in expenses that were incurred in connection with the prosecution and negotiation of this action. Cialkowski Decl., at ¶23. It is well-established in this District that Class Counsel are entitled to the reimbursement of expenses incurred "that are incidental and necessary to the representation." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987). Expenses are incidental and necessary reimbursable if they are of the type normally billed by attorneys to paying clients. *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). Standard reimbursable expenses include "computer research fees, copying costs, postage, court fees, travel expenses, and professional fees paid to counsel's damage expert and accountant." *In re Merrill Lynch Tyco Res. Sec. Litig.*, 249 F.R.D. 124, 144 (S.D.N.Y. 2008). Other categories of fees

14

routinely reimbursed include, "investigative and expert witnesses, filing fees, service of process, travel, legal research and document production and review." *In re Global Crossing*, 225 F.R.D. at 468; *Guevoura Fund Ltd. v. Sillerman*, No. 1:15-cv-07192-CM, 2019 WL 6889901, at *22 (S.D.N.Y. Dec. 18, 2019) (awarding counsel reimbursement for expenses spent on investigation, photocopying of documents, messenger services, postage express mail, discovery, and other incidental expenses directly related to the case).

Class Counsel seek reimbursement for similar expenses. Class Counsel incurred reasonable expenses during the course of the litigation which include expenses related to legal research fees, filing fees, photocopying of documents, postage, and travel expenses among others detailed in the declarations submitted in support herewith. *See* Cialkowski Decl. ¶¶13, 23. All of these costs were necessary and reasonably incurred to bring this case to a successful conclusion and because counsel had no guarantee that these expenses would ever be reimbursed, Class Counsel had the incentive to keep them reasonable. *See* Cialkowski Decl. ¶¶11, 14.  As such, Class Counsel's requested reimbursement of expenses should be approved.

## IV.	The Requested Service Awards for Class Representatives Are Reasonable and Should Be Approved.

Class Counsel request approval of service awards of $2,000 to Plaintiffs Marino, Esparza, Rael, and Hinkey in recognition of the services they rendered on behalf of the Settlement Class. Service awards are "not uncommon in class action cases and are within the discretion of the court." *In re AOL Time Warner ERISA Litig.*, No. 02-cv-8853, 2007 WL 3145111, at *2 (S.D.N.Y. Oct. 26, 2007); *Bellifemine v. Sanofi-Aventis U.S. LLC*, No. 07-cv-2207 (JGK), 2010 WL 31193374, at *7 (S.D.N.Y. Aug. 6, 2010) (courts within this Circuit "have, with some frequency, held that a successful class action plaintiff, may, in addition to his or her allocable share of the ultimate recovery, apply for and, in the discretion of the Court, receive an additional award termed an

incentive award." (internal quotation marks omitted)). In determining whether to approve service awards, courts often consider the personal risk incurred by the named plaintiff as well as the time and effort expended in assisting the prosecution of the litigation. *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005).

In this case, Plaintiffs participated and willingly took on the responsibility of prosecuting the case and publicly lending their names to this lawsuit. They were instrumental to the initiation and prosecution of this action, and they expended considerable time and effort to assist Class Counsel with the case. For example, Plaintiffs informed counsel of the predicate facts, they provided counsel with relevant documents in their possession, and continuously advocated for the benefit of the Settlement Class. Plaintiff Marino and her husband attended the mediation before Magistrate Judge Wang in person, and the other Plaintiffs made themselves available all day to participate in settlement discussions and communications with their counsel. Thus, Plaintiffs have performed a valuable service to the Settlement Class and should be awarded $2,000 each in recognition of their work. *See Frank*, 228 F.R.D. at 187-88 (class representatives play an important role as the "primary source of information concerning the claims" including responding to counsel's questions and reviewing documents).

Finally, the amount requested—$2,000 for each named Plaintiff a total of $8,000—is warranted and is consistent with other class action service awards in this District in recent years. *See Rodriguez v. It's Just Lunch Int'l*, No. 07-cv-09227, 2020 WL 1030983, at *12 (S.D.N.Y. Mar. 2, 2020) (finding service awards of $12,000 are reasonable for the 5 named plaintiffs); *In re: General Motors LLC Ignition Switch Litig.*, No. 12-MD02543 (JMF), 2020 WL 7481292, at *4 (S.D.N.Y. Dec. 18, 2020) (finding that $2,000 awards to certain class representatives are reasonable and in line with awards in this Circuit); *Guippone v. BH S&B Holdings LLC*, No. 09

Civ. 01029, 2016 WL 5811888 (S.D.N.Y. Sept. 23, 2016) (approving $2,000 service award to the class representative for his service to the class); *Henry v. Little Mint, Inc.*, No. 12 Civ. 3996, 2014 WL 2199427, at *4 (S.D.N.Y. May 23, 2014) (finding that the requested service award of $10,000 to named plaintiff was modest). Since the achievements for the Settlement Class and the consistency of this request with service awards in other class action cases in this Circuit, the Court should find that the requested service awards are appropriate. Accordingly, Class Counsel requests that the Court approve service awards in the amount of $2,000 to each Plaintiffs Marino, Esparza, Rael, and Hinkey.

## CONCLUSION

For the above reasons, Class Counsel respectfully request the Court grant their motion for an award of attorneys' fees, reimbursement of expenses, and payment of service awards to Plaintiffs.

Dated: January 11, 2021                    Respectfully submitted,

s/ David M. Cialkowski
David M. Cialkowski
June P. Hoidal
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel:  612.341.0400
david.cialkowski@zimmreed.com
june.hoidal@zimmreed.com

***Attorneys for Plaintiff Esparza and the Proposed Class***

17

Andrea Gold
**TYCKO & ZAVAREEI LLP**
1828 L. Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: 202.973.0900
agold@tzlegal.com

Charles D. Moore
Christopher J. Moreland
**HALUNEN LAW**
1650 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402
Tel: 612.605.4098
moore@halunenlaw.com
moreland@halunenlaw.com

Charles J. LaDuca, Esquire
Beatrice Yakubu, Esq.
**CUNEO GILBERT & LADUCA, LLP**
4725 Wisconsin Avenue, Suite 200
Washington, DC 20016
Telephone: 202 789 3960
charles@cuneolaw.com
byakubu@cuneolaw.com

Jeffrey M. Ostrow
**KOPELOWITZ OSTROW FERGUSON
WEISELBERG GILBERT**
One West Las Olas Boulevard., Suite 500
Fort Lauderdale, FL 33301
Tel: 954.525.4100
ostrow@kolawyers.com

Erica Mirabella
**MIRABELLA LAW, LLC**
erica@mirabellallc.com
132 Boylston Street, 5th Floor
Boston, MA 02116
Tel: 855.505.5342

*Attorneys for Plaintiff Marino and the Proposed Class*

Todd D. Carpenter
**CARLSON LYNCH SWEET
KILPELA & CARPENTER, LLP**
402 West Broadway, 29th Floor
San Diego, CA 92101
Tel: 619.347.3517
tcarpenter@carlsonlynch.com

Richard D. Lambert
**STONEBARGER LAW**
75 Iron Point Circle, Ste. 145
Folsom, CA 95630
Tel: 916.235.7140
rlambert@stonebargerlaw.com

*Attorneys for Plaintiff Rael and the Proposed Class*

*Attorneys for Plaintiff Hinkey and the Proposed Class*