UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE MARINO, DEBORAH ESPARZA, MONICA RAEL, and CERA HINKEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COACH, INC.<br><br>Defendant. | CASE NO.:<br>1:16-cv-01122-VEC (OTW) (Lead)<br><br>Consolidated Member Case Nos.:<br>1:16-cv-03773-VEC (OTW)<br>1:16-cv-03677-VEC (OTW)<br>1:16-cv-05320-VEC (OTW) |

DECLARATION OF DAVID M. CIALKOWSKI IN SUPPORT OF APPLICATION FOR ATTORNEY FEES, EXPENSES, AND INCENTIVE AWARDS

I, David M. Cialkowski, declare as follows:

1.  I am a partner of the law firm, Zimmerman Reed LLP. I represent the Plaintiffs in the above-captioned case along with co-counsel. I am submitting this declaration in support of counsel's application for an award of attorney's fees, expenses, and incentive awards in connection with services rendered in the above-entitled action.

2.  I am licensed to practice and a member in good standing, for the Bars of the State of Minnesota and the State of Illinois. My professional associations include membership in the Minnesota State Bar Association and Hennepin County Bar Association. I have been recognized as one of Minnesota's top 100 lawyers in 2020, as a Super Lawyer in Minnesota from 2015-2020, and as a Rising Star in Minnesota from 2006-2008 and 2010-2013.

3.  I earned a J.D. from the University of Illinois College of Law in 1998 and have been admitted to practice since then. I have served as class counsel in dozens of consumer and wage and hour cases. The court recently appointed me as class counsel on behalf of consumers in the consolidated action *Hudock et al. v. LG Electronics U.S.A. Inc.*, 0:16-cv-01220 (D. Minn.). I was a member of the legal team that represented the Mississippi Attorney General's Office in *Mississippi ex rel. Hood v. AU Optronics*, 571 U.S. 161 (2014), an antitrust case against manufacturers of LCD displays in which the Court held that an attorney general's parens patriae case was not a "mass action" under the Class Action Fairness Act. The Supreme Court ruled unanimously in Mississippi's favor. Lead counsel has appointed me to serve as antitrust discovery team leader in *In re Generic Pharmaceuticals Pricing Antitrust Litig*, 16-md-2724 (E.D. Pa.), *In re Domestic Airline Travel Antitrust Litigation*, 15-mc-1404 (D.D.C), and *In re Hard Disk Drive Suspension Assemblies Antitrust Litigation*, 19-md-291 (N.D. Cal.). I have served as a member of the Plaintiffs' Steering Committee in the *Apple iPhone 3G and 3GS "MMS" Marketing and Sales*

*Practices Litigation*. I have also served as court-appointed co-lead counsel in *In re Dockers Roundtrip Airfare Promotion Sales Practices Litigation*, a consumer protection class action based in the U.S. District Court for the Central District of California. I have worked extensively on behalf of plaintiffs in the *St. Jude Silzone Heart Valves Product Liability Litigation*, MDL 1396. I have also contributed substantially in the *FedEx Ground Package Systems Employment Status Litigation*, MDL 1700, a multi-district consolidated proceeding involving 40 different state class actions challenging FedEx Grounds' independent contractor model, and worked as lead counsel team member in *Target Corporation Customer Data Security Breach Litig.* (D. Minn.), to recover financial institutions' losses from the company's massive 2013 data breach. I worked extensively on the mass tort lead counsel trial team in *Levaquin Products Liability Litig.*, MDL 1943, and on behalf of plaintiffs in *In re St. Jude Silzone Heart Valves Product Liability Litigation*, MDL 1396. In *In re Soo Line Railroad Company Derailment of January 18, 2002 in Minot, N.D.*, I represented a class of victims of a derailment and chemical release, and helped draft the federal law clarifying the scope, and thus reducing courts' application, of railroad preemption.

4. Zimmerman Reed was founded in 1983 and has been recognized nationally as a leader in complex multi-district and class action litigation. The Firm has been appointed as lead counsel in complex cases in federal and state courts across the country. The Firm represents individuals in the areas of mass tort, antitrust, consumer fraud, and employment law as well as states' attorney general and public entities. Most recently, the Firm's public client practice has been litigating cases stemming from the opioid crisis and nicotine delivery systems. The firm maintains offices in Phoenix and Los Angeles in addition to its Minneapolis headquarters.

5. Zimmerman Reed's firm resume was attached as Exhibit 3 to the Moore Declaration in Support of the Motion for Preliminary Approval. (Dkt. 134-5). It provides

additional information about me and all attorneys who were primary timekeepers on this case.

6. The hourly rates for the attorneys at my firm for whom time is submitted ranges from $795 to $350, and the hourly rate for non-lawyer billing staff ranges from $200 to $275. These rates are my firm's current published 2020 billing rates. These rates have generally been accepted and approved in other contingent litigation and are comparable to rates charged by class action counsel in similar cases. *Carr, et al v. Flowers Foods, Inc., et al.*, Case No. 2:15-cv-06391 (E.D. Pa.); *Neff, et al. v. Flowers Foods, Inc., et al.*, Case No. 5:15-cv-00254 (D. Vt.); *Rosinbaum, et al. v. Flowers Foods, Inc., et al.*, Case No. 7:16-cv-00233 (E.D.N.C.).

7. I audited the time records of Zimmerman Reed during the course of this litigation to eliminate time that could be considered duplicative, excessive, administrative, vague, or otherwise unnecessary. My firm's task-based, itemized statement of attorney's fees is available for the Court's review upon request. I believe the time submitted in support of this attorney fee petition was reasonable and necessary under the circumstances of this litigation.

8. The requested fee award does not include all of the continuing time that is and will be incurred by Plaintiffs' Counsel in connection with the current motion, settlement administration, and the motion for final approval of the Settlement Agreement. The time over the next several months to complete the claims administration and settlement process will likely be significant. The omission of this time from the fee application is a further effort to ensure the reasonableness of Plaintiff's Counsels' fee request.

9. The total number of hours spent on this litigation by my firm is 1,437.25.

10. The total audited lodestar amount for attorney/professional time based on my firm's usual and customary rates is $862, 993.75.

11.  Zimmerman Reed's work on this case was performed on a wholly contingent basis. Zimmerman Reed has not received any payments in connection with this case.

12.  A breakdown of my firm's audited lodestar is as follows:

| Name | Position | Hours | Rate | Lodestar |
|---|---|---|---|---|
| David M. Cialkowski | Partner | 555.50 | $735 | $408,292.50 |
| June P. Hoidal | Partner | 282.50 | $735 | $207,637.50 |
| Hannah B. Fernandez | Associate | 271.30 | $505 | $137,006.50 |
| Alyssa J. Leary | Associate | 4.00 | $505 | $2,020.00 |
| Devon C. Holstad | Associate | 3.10 | $505 | $1,565.50 |
| Alia M. Abdi | Associate | 19.5 | $465 | $9,067.50 |
| Caleb L. Marker | Partner | 7.4 | $650 | $4,810.00 |
| Julianne VanNorman | Paralegal | 249.80 | $315 | $78,687.00 |
| Leslie A. Harms | Paralegal | 3.50 | $315 | $1,102.50 |
| Heidi S. Cuppy | Paralegal | 8.00 | $315 | $2,520.00 |
| Sabine A. King | Paralegal | 11.00 | $315 | $3,465.00 |
| Josephine Lu | Paralegal | 11.30 | $315 | $3,559.50 |
| Karen M. Colt | Paralegal | 8.90 | $315 | $2,803.50 |
| Adam K. Hill | Paralegal | .20 | $315 | $63.00 |
| Erin M. McGee | Paralegal | 1.25 | $315 | $393.75 |
| **TOTALS** | | **1437.25** | | **$862,993.75** |

13.  My firm also incurred a total $7,005.13 expenses for the prosecution of this litigation. They are broken down as follows:

| Description | Amount |
|---|---|
| Court Fee/Depo/Transcript Costs | $1,270.60 |
| Conference Calls | $90.00 |
| Federal Express/Postage | $258.78 |
| Research/Bloomberg | $1,900.77 |
| Photocopying/Printing Charges | $206.40 |
| Airfare | $1,356.60 |
| Lodging | $1,299.51 |
| Business meals | $132.70 |
| Ground transportation/Parking | $314.77 |
| Miscellaneous travel expenses | $35.00 |
| Metro Legal | $140.00 |
| **Grand Total:** | **$7,005.13** |

14. My firm's expense records and backup documentation are available for the Court's review upon request. I approve the expenses incurred, and believe they were necessary and reasonable under the circumstances.

15. In addition to Zimmerman Reed, other Court-appointed Class Counsel, Todd Carpenter of Carlson Lynch LLP, Jeff Ostrow of Kopelowitz Ostrow, P.A., Andrea Gold of Tycko & Zavareei LLP, and Charles Moore of Halunen Law have all expended substantial time and expenses in litigating this action.

16. Mr. Carpenter of Carlson Lynch, LLP has been practicing for more than 15 years and represents class plaintiffs in complex matters, including many class actions. Attached hereto as Exhibit 1 is a Declaration of Todd Carpenter detailing the efforts of Carlson Lynch in prosecuting this litigation. A copy of the firm résumé of Carlson Lynch was attached as Exhibit 2 to the Declaration of Charles D. Moore in Support of the Motion for Preliminary Approval. (Dkt. 134-4). In litigating this case, the Carlson Lynch firm spent a total of 1,437.25 hours during the relevant time period, with a corresponding current lodestar of $238,000. The law firm of Carlson Lynch LLP has spent approximately $4,671.00 in un-reimbursed expenses incurred in connection with this case.

17. Mr. Ostrow of Kopelowitz Ostrow P.A. has been practicing for more than 20 years and represents class plaintiffs in complex matters, including many class actions. Attached hereto as Exhibit 2 is a Declaration of Jeff Ostrow detailing the efforts of Kopelowitz Ostrow in prosecuting this litigation. A copy of the firm résumé of Kopelowitz Ostrow was attached as Exhibit 4 to the Declaration of Charles D. Moore in Support of the Motion for Preliminary Approval. (Dkt. 134-6). In litigating this case, the Kopelowitz Ostrow firm spent a total of 96.75 hours during the relevant time period, with a corresponding current lodestar of $67,870. The law firm of Kopelowitz Ostrow has spent approximately $1,558.21 in un-reimbursed expenses incurred in connection with this case.

18. Ms. Gold of Tycko & Zavareei has been practicing for more than 15 years and represents class plaintiffs in complex matters, including many class actions. Attached hereto as

Exhibit 3 is a Declaration of Andrea Gold detailing the efforts of Tycko & Zavareei in prosecuting this litigation. A copy of the firm résumé of Tycko & Zavareei was attached as Exhibit 5 to the Declaration of Charles D. Moore in Support of the Motion for Preliminary Approval. (Dkt. 134-7). In litigating this case, the Tycko & Zavareei firm spent a total of 102.70 hours during the relevant time period, with a corresponding current lodestar of $71,665. The law firm of Tycko & Zavareei has spent approximately $687.67 in un-reimbursed expenses incurred in connection with this case.

19.     Mr. Moore of Halunen Law has been practicing for more than 6 years and represents class plaintiffs in complex matters, including many class actions. Attached hereto as Exhibit 4 is a Declaration of Charles Moore detailing the efforts of Halunen Law in prosecuting this litigation. A copy of the firm résumé of Halunen Law was attached as Exhibit 6 to the Declaration of Charles D. Moore in Support of the Motion for Preliminary Approval. (Dkt. 134-8). In litigating this case, the Halunen Law firm spent a total of 377.4 hours during the relevant time period, with a corresponding current lodestar of $205,570. The law firm of Halunen Law has spent approximately $6,689.92 in un-reimbursed expenses incurred in connection with this case.

20.     In addition to Court Appointed Class-Counsel, attorneys Charles LaDuca of Cuneo Gilbert & LaDuca and Richard Lambert of Stonebarger Law, APC have expended time and effort in litigating this case.

21.     Mr. LaDuca of Cuneo Gilbert & LaDuca has been practicing for more than twenty years and represents class plaintiffs in complex matters, including many class actions. Attached hereto as Exhibit 5 is a Declaration of Charles LaDuca detailing the efforts of Cuneo Gilbert & LaDuca in prosecuting this litigation. A true and correct copy of the firm résumé is attached as Exhibit A. In ligating this action, the Cuneo Gilbert & LaDuca firm spent a total of 187.25 hours during the relevant time period, with a corresponding current lodestar of $120,431.25. The law firm of Cuneo Gilbert & LaDuca has spent approximately $4,447.16 in un-reimbursed expenses incurred in connection with case.

22. Mr. Lambert of Stonebarger Law has been practicing for more than 10 years and represents class plaintiffs in complex matters, including class actions. Attached hereto as Exhibit 6 is a Declaration of Richard Lambert detailing the efforts of Stonebarger Law in prosecuting this litigation. A true and correct copy of the firm résumé is attached as Exhibit A. In ligating this action, the Stonebarger Law firm spent a total of 61.3 hours during the relevant time period, with a corresponding current lodestar of $36,473.50. The law firm of Stonebarger Law has spent approximately $3,160.55 in un-reimbursed expenses incurred in connection with this case.

23. In sum, Settlement Class Counsel along with Cuneo Gilbert & LaDuca and the Stonebarger Law, have dedicated over 2,900 hours generating over $1,603,003.50 in lodestar to prosecuting this case without any guarantee of recovery. These hours spent were calculated from daily time records consistently and contemporaneously maintained by lawyers and professional staff throughout the entirety of this litigation. Ostrow Decl. ¶11; Gold Decl. ¶11, Moore Decl. ¶11, LaDuca Decl.¶6, Carpenter Decl. ¶6, Lambert Decl. ¶3. Furthermore, all time spent on this litigation was necessary and duplication was rigorously avoided to the extent practicable. Settlement Class Counsel's 25% fee request represents a negative "multiplier" of 0.73 on the lodestar value of the time that Class Counsel dedicated to litigating this case.

24. Moreover, they have incurred $28,219.74 in expenses in connection with the prosecution and negotiation of this action.

I declare under penalty of perjury under the laws of the State of Minnesota that the foregoing is true and correct.

Executed this 21st day of January 2021.

s/ David M. Cialkowski
David M. Cialkowski
