# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHELLE MARINO, DEBORAH ESPARZA, MONICA RAEL, and CERA HINKEY, on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br><br>v.<br><br>COACH, INC.,<br><br>              Defendant. | CASE NO: 1:16-cv-01122-VEC(OTW) (Lead)<br><br>Consolidated Member Case Nos.:<br>1:16-cv-03773-VEC (OTW)<br>1:16-cv-03677-VEC (OTW)<br>1:16-cv-05320-VEC (OTW) |

**DECLARATION OF TODD D. CARPENTER**

I, Todd D. Carpenter, declare as follows:

1. I am an attorney duly admitted to practice law before all courts of the State of California, and I am a shareholder in the law firm of Carlson Lynch LLP, for Plaintiffs and the Class herein. I make this declaration in support of Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Incentive Awards. If called as a witness, I could and would competently testify to the following:

2. I have personally been involved in the investigation and prosecution of this class action from its inception through the present. I oversaw the investigation into several locations of the Defendants' stores across the nation. My firm has filed over a dozen, "false pricing" cases against retailers engaged in similar conduct that alleged in this action. The Coach case was one of the first such lawsuits filed by my firm and also one of the most exhaustive/extensive investigations. I directed the investigation through the use of my paralegals / investigators and reviewed their time entries and work product accordingly. I was also actively involved in the extensive settlement negotiations. I assigned litigation tasks to my associates, but performed the high-level negotiation of the settlement and oversaw the approval process and law & motion work.

1

3. The law firm of Carlson Lynch LLP has expended a substantial amount of time and effort in prosecuting this action and achieving an adequate benefit for the Class. The requested fee is reasonable and appropriate based on the risks of litigation, Class Counsel's refusal of alternative employment opportunities with guaranteed payment, and the benefit obtained for the Class.

4. After reaching agreement on the material terms of the Settlement, the Parties negotiated an agreement on attorneys' fees, costs, and incentive awards that Defendant will pay separate and apart from its payment to the Class.

5. Carlson Lynch have established our billable rates of: $750.00 per-partner hour; $395.00 per-associate hour; and $125 per-paralegal hour through an annual, informal survey of similarly experienced consumer class action attorneys in the Southern California, Pittsburgh, and Chicago legal markets.  My firm has spent approximately $4,671.00 in un-reimbursed expenses incurred in connection with this case. A breakdown of my firm's additional costs incurred in this action is set forth below:

**COSTS**

| No. | General Description: | Cost: |
|---|---|---|
| 1. | Travel to New York | $1,811 |
| 2. | Court fees | $2,239 |
| 3. | Electronic research | $621 |
| 4. | Scanning, photocopying, printing, and other office related costs | Waived |
| 5. | Expert consultations | Waived |
| 6. | Investigation related expenses | Waived |
|  | *TOTAL* | **$4,671** |

6. My lodestar billing time records are available if required by the Court. A general summary of my firm's accrued time, which was calculated from daily time records consistently and contemporaneously maintained by lawyers and professional staff,  is as follows:

| No. | General Description: | Time: | Rate: | Lodestar: |
|---|---|---|---|---|
| 1. | ***Pre-filing investigation; research establishing theory of liability: (Partner Time)***: Designed the pre-suit investigation, including in-person observation and recording of pricing practices and sales transactions as well as tracking of online pricing. Coordinated the strategy and execution for observing pricing practices at outlet and retail stores primarily in California, but also in Illinois, Florida, New York and New Jersey, including the surveillance of pricing strategies and practices on a near-daily basis for 8 consecutive months and a total 14 months out of a 48 month time-period. Assessed investigation-acquired pricing against Coach online retail data. Designed and implemented the pre-suit comparison market investigation – identifying outlet items sold and comparing against retail channel stores. Research regarding statutory liability for false reference pricing; impact /damages analysis. | 26.1 | $750 | $19,575 |
| 2. | ***Pleadings: (Associate Time):*** Research potential causes of action for unique, innovative consumer protection suit. Research case law and review case database for filings regarding fraudulent sale discounting complaints; gather factual information for complaint and review corresponding investigation data; draft initial complaint and circulate for edits; gather and incorporate s; incorporate revisions, revise, finalize, and file; issue for service; draft complaint; circulate for review and incorporate edits; finalize, file, and e-serve. Drafted Amended Complaint. | 53.4 | $395 | $21,093 |
| 3. | ***Investigation Time: (Paralegal Time)***: Observed market pricing practices for 18 SKU items identified at stores for 8 total months prior to suit and an intermittent time period subsequent to filing. | 326.2 | $125 | $40,775 |
| 4. | ***Law and Motion: (Associate Time)***: Draft Opposition to Motion to Dismiss; research related to nationwide settlement issues. | 28.4 | $395 | $11,218 |
| 5. | ***Consolidation: (Partner Time)***: Coordinated the filing of amended pleadings and consolidation of the various counsel in SDNY; meetings and teleconferences related | 6.3 | $750 | $4,725 |

3

| No. | General Description: | Time: | Rate: | Lodestar: |
|---|---|---|---|---|
| 6. | *Law and Motion: (Partner Time)*: Reviewed; amended complaints. Reviewed and revised Opposition to Motion to Dismiss. | 15.2 | $750 | $11,400 |
| 7. | *Settlement Negotiations: (Partner Time)*: Prepared memorandum supporting court required mediation; negotiated settlement with defense counsel through multiple phone calls and emails over the course of several months; build consensus among co-counsel conducted meetings to inform negotiations; follow up settlement issues. Post mediation settlement discussions and teleconferences; multiple revisions to Settlement Agreement; Notices. Drafted and revised settlement agreement. | 126.0 | $750 | $94,500 |
| 8. | *Settlement Administration: (Partner Time)*: Solicited bids from various administrators and worked with Mr. Weisbrot to develop a feasible notice plan to comport with the standards set forth by the Federal Judicial Center's guidelines. Follow up phone calls and emails regarding settlement class definition and Defendant's database related issues. | 14.3 | $750 | $10,725 |
| 9. | *Unallocated General Case Management Issues: (Partner Time)*: Preparation and participation in status conferences; periodic teleconferences; strategy meetings with team and experts. | 7.8 | $750 | $5,850 |
| 10. | *Motion for Attorneys' Fees/Motion for Final Approval: (Associate Time)*: research regarding motion for attorneys' fees and motion for final approval of class action settlement and draft the same; incorporate edits from partner; prepare for final approval hearing; research and draft instant fee motion; circulate to partner for review and incorporate edits; finalize and file. | 21.3 | $395 | $8,414 |
| 11. | *Motion for Attorneys' Fees/Motion for Final Approval: (Partner Time)*: Evaluated and provided revisions to motion for attorneys' fees; prepared declaration. | 13.3 | $750 | $9,725 |
| 12. | *Post Settlement Issues; Communications with potential objectors; Attendance at, and preparation for, Final Approval Hearing (Prospective): (Partner Time)* | -- | -- | |
| | *TOTAL* | | | **$238,000** |

7. Plaintiff Monica Rael maintained continued involvement in the litigation, including reviewing initial pleadings and communicating with Class Counsel on the status of the action.

8. I agreed to accept Plaintiff's cases on a pure contingency fee basis.

9. My hourly rate of $750.00 per hour is in line with comparable hourly rates charged by other law firms that handle class action litigation in Southern California. Indeed, my current hourly rate of $750.00 per hour was recently approved on September 27, 2019 by Judge Joel R. Wohfeil in *Rael v. RTW Retailwinds, Inc., et al*, Case No. 37-2019-00003850-CU-MC-CTL, and on July 12, 2019, by Judge Ronald F. Frazier in *Dennis v. Ralph Lauren Corporation, et al.,* Case No. 37-2018-00058462-CU-MC-CTL, both on unopposed fee applications in similar false and deceptive sale discounting class action cases. My hourly rate was also recently approved on April 5, 2019, in an $8,000,000 all-cash FACTA Settlement in *Mocek, Varoz, et al v. AllSaints USA Limited* (Case No. 2016-CH-10056; Circuit Court of Cook County, Illinois; County Dept. Chancery Div.). My previous hourly rate of $650.00 per hour was approved in 2017 by Judge Judith Hayes on an unopposed fee application in a Song-Beverly Credit Card Act case, *Manner v. Summit Pizza West, LLC,* Case No. 37-2015-5909-CU-MC-CTL. My rate has increased over the last two years commensurate with other plaintiff's class action practitioners in Southern California with my level of experience and success.

10. My hourly rate is consistent with my level of expertise in consumer class actions. I have extensive experience in class actions: During the course of my career, I have taken and defended over 100 depositions in personal injury, complex and class action cases. I have successfully participated in mediations resulting in more than $100,000,000 in settlements or awards in class action cases. I have drafted, filed, and argued multiple motions in complex consumer class actions, including all forms of discovery, dispositive and certification motions. My practice focuses exclusively on consumer class action and complex litigation, representing plaintiff

classes in major insurance fraud, unfair business practices, false and deceptive advertising, product liability and anti-trust violations. Additionally, my San Diego office maintains a robust pro-bono practice serving socio-economically disadvantaged individuals in consumer finance, consumer lending and insurance matters.

11. I have represented plaintiffs in numerous class action proceedings in California and throughout the country, in both state and federal courts. I have represented thousands of purchasers of consumer products, food, food supplements and over-the-counter drugs in state and federal courts throughout the United States in cases arising out of various false advertising claims made by manufacturers and retailers, including: Proctor & Gamble, General Mills, Bayer, Clorox, WD-40, Dean Foods, Botanical Laboratories, Inc., Irwin Naturals, Inc. General Nutrition Corporation and Pharmavite. As a shareholder, I was also counsel of record at my prior firm in the MDL proceeding, *In re: Hydroxycut Marketing and Sales Practices Litigation,* No. 09-02087 (S.D. Cal.), wherein my previous firm was designated as co-lead counsel for the class. I was also class counsel for the Settlement Class in FACTA cases against Hugo Boss, U.S.A. Inc. in the Southern District of California; *Travis Benware v. Hugo Boss, U.S.A., Inc.*, Case No. 3:12-cv-01527-L-MDD and Southwest Airlines (*Lumos v. Southwest Airlines, Co.,* Case No. C-13-1429-CRB) and *Mocek, Varoz, et al v. AllSaints USA Limited* (Case No. 2016-CH-10056; Circuit Court of Cook County, Illinois; County Dept. Chancery Div.)

12. I have represented thousands of consumer credit cardholders against several major retailers arising from violations of the Song-Beverly Credit Card Action section 1747.08 and have achieved excellent results, including, but not limited to a class benefit of a retail gift valued between $40 and $120 in a class action settlement with Gucci America, Inc. I have also represented thousands of consumer debit card holders against major commercial banks, including assuming a leadership role as prosecuting counsel in *In re: Checking Account Overdraft Litigation, Larsen v.*

*Union Bank* and *Dee v. Bank of the West*, MDL No. 2036 (S.D. Fl.). I have filed similar actions against several other banks and credit unions across the country, alleging that each institution manipulated the processing of customer debit card purchases to maximize overdraft fees, including actions against Northwest Savings Bank, (*Toth v. Northwest Savings Bank*, Case No. GD-12-8014, In the Court of Common Pleas of Allegheny County, Pittsburgh, Pennsylvania), Pinnacle National Bank (*John Higgins v. Pinnacle Bank*, Case No. 11-C4858, in the Circuit Court for the State of Tennessee, Twentieth Judicial District in Nashville) and Mission Federal Credit Union (*Taylor v. Mission Federal Credit Union*, Case No. 37-2012-00092073-CU-BT-CTL, San Diego Superior Court, Department 75, San Diego, California).

13. I was also appointed class counsel in *Plantier, et al. v. Ramona Municipal Water District,* San Diego, Superior Court Case No. 37-2014-00083195-CU-BT-CTL, and *Mendoza v. The Gar Wood Restaurant, LLP,* Placer County Case No. SCV 0034158.

14. I have been recognized as a semi-finalist as a "Top Corporate Litigation Attorney," by the San Diego Daily Transcript in 2012, and I have been named a San Diego "Super Lawyer" in 2015, 2016, 2017, 2018 and 2019.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on January 11, 2021, in San Diego, California.

Dated: January 11, 2021

**CARLSON LYNCH LLP**

By: */s/Todd D. Carpenter*
Todd D. Carpenter (SBN 234464)
1350 Columbia St., Ste. 603
San Diego, CA 92101
Tel.:   619-762-1900
Fax:   619-756-6991
tcarpenter@carlsonlynch.com

*Attorneys for Plaintiffs*